Omegar Carlo LUCENA, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 82–2325 (PG).

United States District Court, D. Puerto Rico.

Sept. 26, 1983.

Fernando A. Diez, Mayaguez, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PÉREZ–GIMÉNEZ, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, (the Act), for review of the final decision of the Secretary of Health and Human Services, (The Secretary), denying Plaintiff's application for disability insurance benefits.

Plaintiff is a 61 year old illiterate man with heavy work experience as janitor, watchman, handyman and car tire fixer and assistant mechanic for a government agency. (Tr. 48, 67, 77). Plaintiff applied for disability insurance benefits on March 6, 1981, claiming that he has been disabled to work since October 15, 1979, due to inguinal hernia. (Tr. 48). The Secretary found that Plaintiff did not establish the existence of a severe impairment by medical evidence; hence, he was not disabled. Plaintiff seeks judicial review of this decision.

Disability as defined in the Act is the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy. 42 U.S.C. Sec. 423 d; 20 CFR Sec. 404.1505 (1982); 20 CFR Sec. 416.905 (1982).

The definition of disability under the statute has a "medical" part concerning the nature and severity of a claimant's impairment, and a "vocational" part, concerning the availability of suitable work.

In evaluating a claim under the Act, the Secretary applies sequentially a series of tests embodied in the regulations, as follows:

1. Is the claimant currently employed? If he is, the claimant is automatically considered not disabled.

2. Does the claimant have a severe impairment? "Severe impairment" means an impairment which significantly limits his physical or mental capacity to perform basic work-related functions. If he does not have an impairment of at least this degree of severity, he is not disabled.

3. Does the claimant have an impairment equivalent to a specific list of impairments contained in the regulations' Appendix 1?

If the claimant's impairment equals the listing, he is automatically disabled. These first three tests are the "threshold" tests. If, however, Plaintiff's ability to perform basic work-related functions is impaired significantly, but there is no "Appendix 1" impairment, the Secretary goes to the fourth question.

4. Does the claimant's impairment prevent him from performing work of the sort he has done in the past?

The claimant still has the burden to prove his disability in this step. If he cannot return to his past work, then the burden shifts to the Secretary to answer the fifth question:

5. Does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so, he is disabled; if not, he is not disabled. 20 CFR § 404.1520 (1982).

In this case the inquiry ended in the second step. The Secretary found that Plaintiff's impairments did not significantly limit his ability to perform basic work-related functions.

The issue is whether there is substantial evidence in support of the Secretary's decision. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Velez v. Secretary of Health, Education and Welfare,* 593 F.2d 157 (1st Cir.1979).

At this stage only the medical evidence is considered. The Secretary must determine whether the medical evidence establishes the existence of impairments which significantly limit Plaintiff's capacity to perform basic work-related functions.

Basic work-related functions are defined as the abilities and aptitude necessary to do most jobs. 20 CFR Sec. 416.921(b). The regulations give the following examples of what are these work activities: physical functions such as—walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing and speaking; mental and emotional related functions such as understanding, carrying out and remembering simple instructions, use of judgment, responding appropriately to supervision, coworkers, usual work situations and dealing with changes in a routine work setting. 20 CFR Sec. 416.921(b).

The term "significantly limit" is not defined in the Act or regulations. The Court of Appeals for the First Circuit held in the case of *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5 (1st Cir.1982) that the regulations do not "define 'significant' in terms of a limitation of 'any' basic work-related functions. Rather, it speaks of limitations of 'basic work-related functions' generally and in the plural, thus suggesting that the Administrative Law Judge has some discretion in evaluating the significance of an impairment that affects some, but not all" of the claimant's functional capacities. In the case of *Goodermote,* the Court sustained the Secretary's decision that the claimant had no severe impairment in spite of evidence that some of his mental abilities were moderately limited.

On the other hand, in the case of *Arroyo v. Secretary of Health and Human Services,* 558 F.Supp. 482 (D.C.P.R.1983) this Court declined to read into the severity requirements of the regulations a requirement that Plaintiff demonstrate significant limitation in *all* of the examples for basic work activities. *Id.* at p. 485 (emphasis added).

Therefore, this is an issue to be decided on a case-by-case basis depending upon the facts as appear in the medical evidence of the particular case.

Plaintiff's treating physician stated in his medical report that Plaintiff suffers from arterial hypertension, depressive neurosis, chronic lumbago, recurrent inguinal hernia and varicose veins in both legs. Dr. Ramirez also stated that the claimant is unable to bend over, exert himself, sit or stand for prolonged periods of time and that he does not relate well with people due to his violent character. (Tr. 114–124).

Dr. Juan B. Acevedo stated in his cardiological evaluation report that there was no cardiac pathology but that claimant suffered from mild varicose veins and mild lumbar spondylosis. In the residual functional capacity report he states that Plaintiff could sit, stand and walk for eight hours; he could lift and carry up to 100 lbs.; he could use his hands and feet freely and he could bend, squat, crawl or climb occasionally. (Tr. 127–136).

Dr. Felix S. Vilella Suau in another consultative evaluation report states that Plaintiff suffers from symptomatic varicose veins in the left lower extremity, mild venous insufficiency in the left lower extremity, exogenous obesity, and he suspected low back pathology. In his residual functional capacity report he states that Plaintiff could sit, stand or walk for four hours; he could lift and carry up to 10 lbs.; he could use his hands but not as well his left foot

for operating controls and he could bend, squat, crawl or climb occasionally. (Tr. 147–149).

A psychological evaluation disclosed a borderline mental retardation with malingering. According to the residual functional capacity report, claimant has poor capacity to perform most of the mental functions required for work. (Tr. 138–142).

There is also evidence that Plaintiff was scheduled for surgery to correct the inguinal hernia on February 2, 1982.

Aside from the medical report of Dr. Juan E. Acevedo, the rest of the medical evidence establishes that Plaintiff is unable to perform his past work. In a case such as this, where the medical evidence alone establishes that Plaintiff is unable to perform his past work, we find that Plaintiff has established *prima-facie* the existence of a severe impairment which warrants further inquiry by the Secretary. See: Francis, Social Security Disability Claims, Practice and Procedure, Section 18.08.

For these reasons, we find that there is no substantial evidence in support of the Secretary's decision and that this case shall be remanded for further proceedings in accordance herewith.

SO ORDERED.