Edna **JOHNSON** and Jerome **Montgomery**, on their own behalf and on behalf of others similarly situated, Plaintiffs,

v.

Margaret **HECKLER**, Secretary, Department of Health and Human Services, Defendant.

No. 83 C 4110.

United States District Court,
N.D. Illinois, E.D.

Sept. 19, 1984.

Joseph A. Antolin, John Bouman, Cathleen Cohen, Shelley Davis, Robert E. Lehrer, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiffs in this class action are or have been applicants for or recipients of disability benefits under Title II and/or Title XVI of the Social Security Act (the "Act"). They have been denied benefits on the ground that their disabilities are not severe enough to prevent them from working. They challenge the validity of the applicable regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1522, 416.922 (1983) and Social Security Ruling ("SSR") 82–55 (cum. ed. 1982), as violative of the Act and the equal protection component of the Due Process Clause of the Fifth Amendment to the

United States Constitution. The defendant is the Secretary of the Department of Health and Human Services ("HHS"), who administers the Old-Age and Survivors Disability Insurance ("OASDI") and Supplemental Security Income ("SSI") programs through the Social Security Administration ("SSA"), and promulgates regulations and rulings interpreting the applicable statute.

Plaintiffs submitted a motion for summary judgment, pursuant to Fed.R.Civ.P. 56, seeking declaratory and injunctive relief. The Secretary submitted a cross-motion for summary judgment. For the reasons stated herein, the plaintiffs' motion for summary judgment is granted and the Secretary's cross-motion is denied.

## I. THE CHALLENGED REGULATIONS AND THE ACT

Plaintiffs challenge the above regulations on two grounds: (1) 404.1520(c) and 416.920(c) do not consider vocational factors (age, education, and work experience) and residual functional capacities; and (2) 404.1522, 416.922, and SSR 82–55 do not combine "nonsevere" impairments. Before proceeding to consider the validity of these regulations, an overview of the regulations and the Act is helpful.

The OASDI and SSI programs provide for the payment of benefits to disabled persons. Under both programs, a person is considered disabled if he or she is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). The Act provides that "for purposes of" applying this definition, an individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial

> gainful work which exists in the national economy....

42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B). The Secretary is authorized to establish rules and regulations, consistent with the Act, governing the determination of disability claims. 42 U.S.C. §§ 405(a) & 1383(d)(1).

Pursuant to this authority, the Secretary established a five-step sequential procedure for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1983). Under the existing regulations, if the claimant is found not to be disabled under any one of the sequential tests, the analysis ends and the remaining steps of the analysis are not completed. *See* §§ 404.1520(a), 416.920(a). As the first step, the Secretary ascertains whether the claimant is working; if so, a finding of "not disabled" follows. In the second step, the Secretary determines, solely on the basis of medical factors, whether the claimant has a "severe" impairment which "significantly limits [his] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). The regulation specifically provides that at this second step the Secretary "will not consider your age, education, and work experience." Plaintiff's first ground relates to this refusal to consider vocational factors in the second step and the resulting possibility that vocational factors will be foreclosed if the inquiry stops after the second step.

If the claimant is determined to have a "severe" impairment under this definition, the Secretary next considers (Step 3) whether the impairment is one which is listed in Appendix 1 of the regulations; if so, the claimant is found to be disabled without requirement of further proof that the impairment prevents him from working. The fourth step comes into play if the claimant's impairment, though deemed "severe" under the second step, is not a "listed" impairment under the third step. In such cases, the Secretary determines (Step 5) whether, considering the claimant's age, education, and work experience, his impair-

ment prevents him from doing any other work available in the national economy. If the claimant cannot, he is found to be disabled and his claim is approved. *See Canon v. Harris,* 651 F.2d 513, 517 (7th Cir. 1981).

The Secretary acknowledges that the effect of the sequential procedure is that denials of claims at the second step occur "on the basis of medical considerations alone." SSR 82–56 (cum. ed. 1982). To implement this policy, SSR 82–55 lists 20 impairments which are nonsevere *per se* on the basis of medical evidence alone. SSR 82–55 is binding on all SSA personnel, including administrative law judges and the Appeals Council.

The challenged regulations, 20 C.F.R. §§ 404.1522 and 416.922 (1983) provide: "We will consider the combined effects of unrelated impairments only if all are severe." In addition to these regulations, SSR 82–55 instructs Social Security administrators not to consider the combined effects of nonsevere impairments because inasmuch "as a nonsevere impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions needed to do most jobs."

## II.  CHALLENGED REGULATIONS APPLIED TO THE NAMED PLAINTIFFS

The named plaintiffs were found "not disabled" under the severity regulation (the second step of the sequential procedure), and thus were denied benefits on the grounds that the medical evidence alone failed to establish the existence of a "severe" impairment—one which significantly limited their ability to perform basic work activities. The application and effect of the challenged regulations is illustrated by the cases of the named plaintiffs.

Plaintiff Edna Johnson was denied SSI disability benefits. Examining the Administrative Record in the light most favorable to the Secretary, "the claimant has the following impairment(s): diabetes, lumba-

go, anxiety, neurosis and chronic duodenal ulcer." (J. 15). While the Administrative Law Judge ("ALJ") acknowledged and examined each of these impairments, it appears from the record that he held each impairment separately did not significantly limit the ability to perform basic work-related functions (J. 14). The ALJ did not expressly consider the combined effect of her impairments. The ALJ never considered the severity of Johnson's impairments in light of her vocational factors. The ALJ concluded that her claim is being denied on medical considerations alone without consideration of vocational factors. (J. 15). For support, the ALJ cited § 416.920(c).

Plaintiff Jerome Montgomery was denied continued OASDI disability benefits. Examining the record in the light most favorable to the Secretary, the "claimant has the following impairments: atypical chest pain, hypertension, diabetes mellitus, and status post fractures of the left hip, leg and foot" (M. 10). The Appeals Council ("AC") held each impairment to be nonsevere *per se* according to SSR 82–55 (M. 9). Even though the AC concluded that the claimant's impairments "did not constitute a severe impairment ... either singly or in combination" (M. 9), the record reveals that the AC held each impairment to be nonsevere without considering the combined effects of the nonsevere impairments. In addition, the AC did not consider the severity of Montgomery's impairments in light of his vocational factors (M. 8).

The plaintiff class, as defined, includes Title II and Title XVI claimants who, like the named plaintiffs, were and are denied benefits as a result of the application of the challenged regulations to them at the second step. *See* Order of December 7, 1983. 100 F.R.D. 70.

## III.  THE SEVERITY REGULATION

The challenged policies of refusing to consider vocational factors of age, education and work experience, and refusing to combine the effects of nonsevere impairments are embodied in the second step of

the sequential procedure. The second step has been called the severity regulation since it determines whether a claimant's impairment is severe so as to continue to the next steps in the procedure. While the Seventh Circuit Court of Appeals has never addressed the validity of the severity regulation, other Circuit Courts acknowledge the conflict between the severity regulation and the letter of §§ 423(d)(2)(A) & 1382c(a)(3)(B). *Delgado v. Heckler*, 722 F.2d 570, 574 (9th Cir.1983); *Chico v. Schweiker*, 710 F.2d 947, 953 (2d Cir.1983). In *Chico*, Judge Friendly noted:

> the close question of the validity of the 'severity' regulation, involving as it does a seeming conflict between the letter of § 423(d)(2)(A), on the one hand, and, on the other, the Secretary's understandable desire to supply . . . some threshold that a claimant must pass before the Social Security Administration is required either to apply the Appendix 2 guidelines or to call vocational experts. . . .

710 F.2d at 953.

■ In view of the Secretary's authority under § 405(a) to establish regulations implementing the disability provisions of the Act, our review "is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). However, it is clear that "regulations, in order to be valid must be consistent with the statute under which they are promulgated," *United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977), and the agency's "interpretation of the statute cannot supercede the language chosen by Congress." *Monhasco Corp. v. Silver*, 447 U.S. 807, 825, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

The starting point for this analysis, as *Chico* points out, is the language of the statutory definition of "disability." 710 F.2d at 953. The statutes, §§ 423(d)(2)(A) & 1382c(a)(3)(B) speak of an impairment (or impairments) which is *"of such severity that"* the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience," perform any substantial gainful work.

According to the plaintiffs' interpretation of the statute, vocational factors of age, education and work experience should be considered twice in a disability evaluation. In the second step, these factors are considered along with medical factors to determine the claimant's ability to do his previous work in light of his impairments. In the fifth step, the vocational factors relate to the Secretary's burden to show that the claimant can still perform some type of substantial gainful activity existing in the national economy.

By contrast, the plaintiffs point out that the severity regulation in the second step restricts to medical factors alone the claimant's attempt to establish that his impairment is severe, *i.e.*, that it significantly limits his ability to perform "basic work-related activities." The regulation states that the SSA "will not consider your age, education, and work experience" at the second step. Plaintiffs conclude that the severity regulation is facially inconsistent with the statute's mandate to the Secretary to consider vocational factors of age, education, and work experience and residual functional capacity. *Dixon, et al. v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984); *Smith, et al. v. Heckler*, Civ. No. S–83–1609 (E.D.Cal. June 6, 1984). *Dixon* and *Smith* are both class action cases in which the courts found the severity regulation to be inconsistent with the statute since it wrongfully precludes a finding as to whether the claimant is able to do his past relevant work or whether, considering vocational factors, claimant can do other work.

■ The Court disagrees that the statute mandates consideration of vocational factors and residual functional capacity at the second step. However, the severity regulation is invalid since it impermissibly increases the claimant's burden of proof as defined in the statute. *Hundrieser v. Heckler*, 582 F.Supp. 1231 at 1240 (N.D.Ill. 1984).

By substituting "basic work activities" in the second step for "previous work," the severity regulation increases the showing which a claimant must make in order to establish a *prima facie* case of disability. The Secretary in SSR 82–56 acknowledges that an impairment which does not prevent basic work activities may prevent past work. Under the severity regulation, the Secretary states: "When there is no significant limitation in the ability to perform these types of basic work-related functions, an impairment will not be considered to be severe even though it may prevent the individual from doing work that the individual has done in the past." Thus, while an impairment may not affect basic work activities, it may still prevent the claimant from doing his previous work. *Scruggs v. Schweiker,* 559 F.Supp. 100, 103 (M.D. Tenn.1982). In *Scruggs,* the court confronted the problem of a second step conclusion that an impairment is nonsevere in light of basic work activities, and concluded that:

> ... this inference in all cases may be unfair. For example, a less than severe hearing loss to an individual may prevent that individual from continuing in his present occupation requiring better hearing than the individual retains. In another example, an individual who has worked at heavy work may be restricted from continuing in heavy lifting by a less than severe muscular strain, or by some other nonsevere health problem.

559 F.Supp. at 103.

In contrast to the severity regulation, the statute plainly states that a claimant need only show that an impairment prevents him from doing his previous work in order to make out a *prima facie* case of disability. This interpretation of the claimant's burden of proof under the statute is well-established. *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983); *Whitney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982); *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 529 (6th Cir.1981); *Hall v. Secretary of HEW,* 602 F.2d 1372, 1375 (9th Cir.1979); *Small v. Califano,* 565 F.2d 797, 800 (1st Cir.1977). In *Whitney,* the Seventh Circuit Court of Appeals interpreted the statute to require that the claimant prove "an impairment of sufficient severity ... which precludes the type of work previously engaged in...." 695 F.2d at 786. Since the severity regulation increases the claimant's burden of proof as defined by the statute, the regulation is inconsistent with the Act and is therefore beyond the scope of the Secretary's statutory authority. § 405(a) (The Secretary is empowered to promulgate rules "not inconsistent with the provisions of this subchapter, which are necessary and appropriate to carry out such provisions.")

Two recent cases involving individual claims have followed a similar interpretation of the Act to either ignore or narrowly construe the severity regulation. In *Hundrieser v. Heckler, supra,* J. Moran narrowly construed the severity regulation in the same manner as this Court. He concluded that "by making out a *prima facie* case of disability through showing an inability to do past work due to 'an impairment' the claimant necessarily satisfies the severity regulation." 582 F.Supp. 1231 at 1242–1243 (N.D.Ill.1984). J. Moran also noted, as this Court did, that this narrow construction protects "claimants from a statutorily unwarranted increase in the burden of making a *prima facie* case of disability." *Id.*

In *Lucena v. Secretary of Health and Human Services,* 572 F.Supp. 130 (D.P.R. 1983), the Court ignored the severity regulation's focus on basic work activities and concluded that the claimant had established a *prima facie* case of disability "where the medical evidence establishes that Plaintiff is unable to perform past work...." 572 F.Supp. at 133. *See Dumas v. Schweiker,* 712 F.2d 1545, 1550 (2d Cir.1983). The Court recognized, as did this Court, that a *prima facie* severe impairment should be measured against the claimant's ability to do his past work, and not against his ability to do most jobs or basic work activities. Rather, it is the Secretary's burden to rebut the claimant's *prima facie* case by

showing his ability to do most jobs or other work in the national economy.

These two cases reaffirm this Court's reading of the statutory definition of severity. However, this Court disagrees with the court in *Hundrieser* that the conflict between the statutory definition and the severity regulation stems from an overbroad interpretation of the regulation by the Secretary. *Hundrieser, supra* at 25. The conflict stems from the regulation itself and its reference to basic work activities, instead of "previous work" as contained in the statute. Therefore, this Court believes that the plaintiffs have presented a strong case of inconsistency between the Act and the Secretary's severity regulation. *McCoy v. Schweiker,* 683 F.2d 1138, 1143–1144 (8th Cir.1982) (*en banc*).

## IV. THE REFUSAL TO COMBINE NONSEVERE IMPAIRMENTS

■ Plaintiffs present an even stronger case of inconsistency when they attack the validity of the regulations which refuse to combine the effects of nonsevere impairments. Both regulations, §§ 404.1522 and 416.922, state: "We will consider the combined effects of unrelated impairments only if all are severe and expected to last 12 months." In addition, SSR 82–55 sets forth the dubious logic upon which the regulations rest: "Inasmuch as a nonsevere impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions to do most jobs."

The statutory definition of disability refers to "impairment or impairments" which are so severe that they prevent claimant from doing past work or other work in the national economy. This statutory language has been construed to require consideration of the combined effect of all of the claimant's impairments, whether severe or nonsevere. *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3rd Cir.1971); *Griggs v. Schweiker,* 545 F.Supp. 475, 477 (S.D.W. Va.1982); *Rodriguez v. Schweiker,* 523 F.Supp. 1240, 1246 (E.D.Pa.1981). In *Griggs,* the court set forth the proper interpretation of the statute:

> In evaluating effects of various impairments upon a disability benefit claimant, the Secretary may not fragmentize them, but must treat them in combination. *Hicks v. Gardner,* 393 F.2d 299 (4th Cir. 1968). Disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. *Bass v. Celebrezze,* 238 F.Supp. 355 (D.C.S.C.1965).

545 F.Supp. at 477.

Since this Court finds no Seventh Circuit case on this point, it adopts the plain meaning of the statute as construed in the above cases: the statute requires the Secretary to consider the combined effect of all of the claimant's impairments. Therefore, §§ 404.1522, 416.922, and SSR 82–55 are invalid as beyond the Secretary's statutory authority because they are inconsistent with §§ 423(d)(2)(A) and 1382c(a)(3)(B) of the Act.

## V. CONCLUSION

The motion of plaintiff class for summary judgment on the issue of the validity of the challenged regulations is granted. The Secretary's cross-motion for summary judgment is denied. Since it finds that the challenged regulations violate the Act, the Court declines to reach the constitutional issue raised by the plaintiffs since it is not necessary or essential to a decision in the case.

Accordingly, the Court declares that:

(1) defendant's denial of disability claims at the second step of the sequential procedure on the basis of inability to do basic work activities, as opposed to inability to do previous work, and 20 C.F.R. §§ 404.-1520(c) and 416.920(c) (1982), and SSR 82–56, insofar as each establishes and requires this policy, violates 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A), (B), (C);

(2) defendant's policy of refusing to combine nonsevere impairments, and 20 C.F.R. §§ 404.1522, 416.922 (1982) and SSR 82–55 (1982) insofar as each establishes and requires this policy, violates 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A), (B), (C).

This Court enters an injunction enjoining defendants from enforcing 20 C.F.R. §§ 404.1520(a)–.1522 and 416.920(c)–.922 and SSRs 82–55 and 82–56 insofar as they require application of either of the above policies. Injunctive and declaratory relief with respect to the class as a whole is appropriate where, as in this case, the Secretary's policies are generally applicable to the class. *See* Order of December 7, 1983.

The Court also enters preliminary and permanent injunctions requiring defendant:

(1) to hold new disability hearings for class members; and

(2) to reinstate OASDI and/or SSI benefits pending SSA hearing determinations for class members whose benefits had been terminated as a result of the defendant's policies determined unlawful by this Court and for whom new disability hearings are to be held; and

(3) grant retroactive benefits to class members who, after a new hearing, are found to be disabled.

In addition, pursuant to 42 U.S.C. § 405(g), the Court reverses the Secretary's decision in the cases of Edna Johnson and Jerome Montgomery and remands them for determination of their entitlement to disability benefits without application of the challenged policies.

IT IS SO ORDERED.