**Edna JOHNSON and Jerome Montgomery, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83 C 4110.

United States District Court, N.D. Illinois, E.D.

March 15, 1985.

Joseph A. Antolin, Shelley Davis, Robert E. Lehrer, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Gregory C. Jones, Acting U.S. Atty. by Linda Wawzenski, Asst. U.S. Atty., Chicago, Ill., Randolph W. Gaines, A. George Lowe, Mary Gludt, Disability Litigation Branch, Social Sec. Div., Dept. of Health & Human Services, Baltimore, Md., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion for a stay of judgment of this Court's order dated September 19, 1984, pursuant to Rule 62 of the Federal Rules of Civil Procedure, pending an appeal to the Seventh Circuit Court of Appeals. Also before the Court is plaintiffs' motion for a finding of civil contempt and sanctions and for further relief pursuant to 28 U.S.C. § 2202. For the reasons stated herein, plaintiffs' motion for a finding of civil contempt and sanctions is denied. Plaintiffs' motion for further relief is granted insofar as the Court clarifies the injunctive relief ordered in its September 19, 1984 order. Finally, defendant's motion for a stay of the injunctive relief pending appeal is denied.

### I. FACTS

On September 19, 1984, this Court entered an order granting summary judgment in favor of the plaintiff class and enjoining the defendant Secretary of Health and Human Services ("the Secretary") from applying the severity regulations and rulings insofar as they mandate (1) consideration at the second stage of the sequential evaluation process of a claimant's ability to do "basic work activities" as opposed to "previous work," and (2) consideration of the combined effects of unrelated impairments only if they are severe and expected to last 12 months. *Johnson v. Heckler*, 593 F.Supp. 375, 381–82 (N.D.Ill. 1984). In addition, the order provided preliminary and permanent injunctive relief requiring the Secretary to:

(1) hold new disability hearings for class members;

(2) reinstate disability benefits under Title II and/or XVI of the Social Security Act pending hearing determination by the Social Security Administration (SSA) for class members whose benefits had been terminated as a result of the policies described above; and

(3) grant retroactive benefits to class members who, after a new hearing, are found to be disabled.

On October 1, 1984, pursuant to Fed.R. Civ.P. 59, the Secretary timely filed a Motion to Alter or Amend judgment. On October 12, 1984, pursuant to Fed.R.Civ.P. 62, the Secretary filed a Motion to Stay Judgment Pending Disposition of the Motion to Alter or Amend Judgment. In the interim, on October 10, 1984, the Social Security Administration (SSA) issued an instruction by teletype to all SSA components to "immediately stop processing denials/cessation on claims for residents of Illinois based on a finding of 'nonsevere impairment' without consideration of vocational factors and residual functional capacity." Emergency Instruction IT–239–89 (October 10, 1984). The October 10 teletype further instructed "all components within the State of Illinois ... [to] immediately stop issuing determinations/decisions on cases that would be denied/ceased on the basis of a 'nonsevere' impairment(s)," and to hold such cases pending further instructions.

On December 17, 1984, this Court entered an order denying defendant's motion to alter or amend the September 19, 1984 order. On the same date, the Court entered an order denying without prejudice the plaintiff class' motion for further relief and invited it to refile the motion if the Secretary did not comply with the September 19, 1984 order after December 17, 1984.

A notice of appeal from the December 17, 1984 denial of defendant's motion to alter or amend was filed on February 15, 1985.

## II. DISCUSSION

■ The issue presented is whether the Court should grant a stay of its order imposing a permanent injunction on the Secretary and the SSA to refrain from applying the incorrect standard in determining whether a severe impairment exists, as well as the other injunctive relief ordered. *Johnson v. Heckler, supra,* 593 F.Supp. at 381–82. Rule 62(c) of the Federal Rules of Civil Procedure provides:

> When an appeal is taken from an interlocutory or final judgment granting ... an injunction, the court, in its discretion may suspend [or] modify ... an injunction during the pendency of the appeal....

Once an injunction has been granted, the party seeking the stay must show (1) that he is likely to prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties would not be substantially harmed by the stay, and (4) that a stay would be in the public interest. *Decker v. U.S. Dept. of Labor,* 485 F.Supp. 837, 844 (D.C.Wis.), *aff'd* and *remanded,* 661 F.2d 598 (7th Cir.1980); *see also Adams v. Walker,* 488 F.2d 1064, 1066 (7th Cir.1973); *Collin v. O'Malley,* 452 F.Supp. 577 (N.D.Ill.1978). In short, the Court must consider the relative hardships to the parties arising out of the relief sought, in light of the probable outcome of the appeal. *Indianapolis Colts v. Mayor & City Council of Baltimore,* 733 F.2d 484, 486 (7th Cir.1984).

### 1. *Likelihood of Success on Appeal*

For the most part, defendant Secretary has restated her arguments in opposition to the September 19, 1984 order which she previously presented in her motion to alter or amend. The Secretary reiterates her three grounds on which she is likely to prevail on appeal and attempts to bolster them with new cases and recent legislation. Plaintiff class argues that the Secretary's repetition of arguments from her previous-ly-denied motion to alter or amend underscores the weakness of her position and the unlikelihood of her prevailing on appeal.

The first ground set forth by the Secretary is the jurisdictional bar of the claimant's failure to exhaust his administrative remedies. In its order dated December 17, 1984, this Court recognized this requirement and the circumstances under which it could find a waiver of the exhaustion of administrative remedies. Once again, as she did in her motion to alter or amend, the Secretary asserts that her reading of *Heckler v. Ringer,* —— U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) is the proper one and therefore that she will prevail on this issue on appeal.

The Court rejects the Secretary's broad interpretation of *Ringer* in favor of the narrow interpretation contained in its order dated December 17, 1984. *Johnson v. Heckler,* No. 83 C 4110, slip op. at 8 (N.D. Ill. December 17, 1984). The Court carefully analyzed the language of *Ringer* and applied the "inextricably intertwined" standard set forth therein to determine whether this case was a proper one for waiver of exhaustion of administrative remedies. Pursuant to *Mathews v. Eldridge,* 424 U.S. 319, 328–30, 96 S.Ct. 893, 899–900, 47 L.Ed.2d 18 (1976), the Court held the waiver of complete administrative exhaustion was proper because plaintiff class' legal claims are collateral to a claim for benefits and the class interest in prompt judicial review is so great that deference to the Secretary's judgment is inappropriate.

In holding that the claims of plaintiff class are collateral to a claim for benefits, the Court followed Justice Rehnquist's majority opinion and applied his test for "inextricably intertwined" claims, which would not be collateral to a claim for benefits. In support of its holding, the Court reasoned:

> ... The Court's narrow interpretation of *Ringer* is reinforced by Justice Rehnquist's reference to "only essentially ministerial details" remaining after the relief sought if it were granted. *Id.* [104 S.Ct.] at 2022.

In the present case, notwithstanding the plaintiffs' attempt to invalidate the Secretary's current policy, the Court finds that more than "ministerial details" remain before members of the plaintiff class will receive benefits. The Court's order which invalidated two of the Secretary's regulations required her to hold new disability hearings in order to apply the correct standard for disability as defined by the Court. *Johnson v. Heckler*, 593 F.Supp. 375, 381–82 (N.D.Ill.1984). Since some members of the plaintiff class may not be awarded disability benefits after the new hearings, an award of benefits is by no means automatic or ministerial. *Johnson v. Heckler, supra*, 100 F.R.D. [70] at 74 [(1983)]. Therefore, the Court concludes that plaintiffs' claims are collateral to claims for benefits. *Id.*

*Johnson v. Heckler, supra*, slip op. at 8.

The Secretary cites no new authority to persuade the court to accept her broad interpretation of *Ringer*. However, this Court has found a recent case from the Eighth Circuit Court of Appeals to support its narrow interpretation of *Ringer*. *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). *Polaski* is a class action challenging the Secretary's nonacquiescence in Eighth Circuit decisions with respect to the proper standard for evaluating pain and other subjective complaints, and with respect to the proper standard for terminating disability benefits. The district court enjoined the Secretary from denying or terminating disability benefits unless she followed the Eighth Circuit decisions regarding those standards. The district court also provided for reconsideration of the claims of persons within the class under the designated standards. *Id.* at 944–45.

In holding that waiver of complete administrative exhaustion was proper, the *Polaski* court said:

> Finally, the plaintiffs' claims are admittedly not "wholly collateral" to their claims for benefits, as was true in *Eldridge*. But the focus of their relief as a class—the Secretary's compliance with

our case law and the 1984 Act—is substantially collateral to the issue of whether they are in fact disabled and entitled to benefits. *See City of New York v. Heckler*, 742 F.2d [729] at 736–37 [(1984)]; *Mental Health Association of Minnesota v. Heckler*, 720 F.2d [965] at 971 [(1983)].

*Id.* at 953.

The reasoning in *Polaski* parallels this Court's reasoning in its order dated December 17, 1984, and its order entered certifying the plaintiff class. *See Johnson v. Heckler*, 100 F.R.D. 70, 74 (N.D.Ill.1983). Therefore, the Court finds that the Secretary is not likely to prevail on appeal on the issue of exhaustion of administrative remedies.

On the second ground, the Secretary asserts that the 60-day provision of 42 U.S.C. § 405(g) is an absolute jurisdictional time bar to claimants who received a final decision from the Secretary and did not seek judicial review more than 60 days prior to the filing of this class action. Once again, the Secretary presents no new arguments or authority to support her contention that the 60-day provision is not waivable. Her conclusion rests on statements made in Supreme Court opinions (not heard by the full Court) involving Justice Rehnquist's entering of a stay in *Heckler v. Lopez*, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983) (Rehnquist, Circuit Justice), *motion to vacate stay denied*, — U.S. —, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983), *partial stay pending cert. granted*, — U.S. —, 104 S.Ct. 2164, 80 L.Ed.2d 548 (1984), *vacated and remanded*, 105 S.Ct. 583–84 (1984). The Secretary also relies upon an opinion by Justice Stevens, joined by Justice Blackmun, dissenting in part from the denial of an emergency application to vacate the stay entered by Justice Rehnquist. 104 S.Ct. at 222.

In its order dated December 17, 1984, this Court rejected the Secretary's argument that the 60-day provision is jurisdictional and instead followed the majority view that the 60-day provision is a statute of limitations, which is waived if not assert-

ed as an affirmative defense. *Johnson v. Heckler, supra,* slip op. at 4; *see also Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18; *Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975). The Court now notes that the Secretary raised the 60-day provision for the first time in her motion to alter or amend the September 19, 1984 order. The Secretary has not attempted to refute the argument and conclusion in *City of New York v. Heckler,* 742 F.2d 729 (2d Cir.1984). In *City of New York,* the Second Circuit Court of Appeals specifically addressed the problem of resolving the opinions of Justices Rehnquist and Stevens in *Heckler v. Lopez, supra,* with the Supreme Court's pronouncements in *Mathews v. Eldridge, supra,* and *Weinberger v. Salfi, supra.* The Second Circuit concluded: "In the absence of an authoritative ruling by the Supreme Court to the contrary, we continue to believe that the 60-day requirement is not jurisdictional," *City of New York v. Heckler, supra,* 742 F.2d at 738. Since it continues to be persuaded by the Second Circuit's resolution of this issue, the Court finds that the Secretary is not likely to prevail on appeal on the issue of the 60-day provision.

On the third ground, the Secretary asserts that passage of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, explicitly endorses her sequential evaluation process and the concept of severity. In addition, she argues that case law since the Act has construed the severity regulation as valid. The plaintiff class argues that the case law since the Act has narrowly construed the severity regulation, the second step of the sequential evaluation, as a *de minimis* threshold test, which is exactly the extent of this Court's order dated September 19, 1984.

The strength of the Secretary's argument lies in her unnecessarily broad reading of the Court's September 19, 1984 order. In that order, the Court held the second step invalid *insofar* as it required a claimant to prove an inability to perform "basic work activities" as opposed to "previous work" as called for in the statute. *Johnson v. Heckler, supra,* 593 F.Supp. at 380, 381. The Court expressly rejected plaintiff class' argument that vocational factors must be considered at the second step, *id.* at 379, contrary to the Secretary's interpretation that this Court requires consideration of vocational factors at the second step. Emergency Instruction IT–239–89, page 3 (October 10, 1984). In fact, the Secretary's more recent instruction reflects the proper interpretation on this Court's order. Her instruction issued on January 23, 1985 refers to "ability to perform past relevant work." Emergency Instruction IT–23.t25 (January 23, 1985).

The case law which reads the severity regulation as a *de minimis* threshold test is entirely consistent with this Court's order. The only reason that the Court held the severity regulation invalid as applied and as written is the nature of the relief required in this class action, as opposed to individual claimant cases (the *de minimis* cases). In addition, a narrow interpretation of the severity regulation as a *de minimis* test would not be as forceful a signal or as binding a precedent on the SSA when it holds hearings to apply to correct standard of severity. *Id.* at 381. Therefore, since it finds no authority cited by the Secretary to be inconsistent with its September 19, 1984 order, the Court finds that the Secretary is not likely to prevail on appeal on the issue of the validity of the severity regulation as applied and as written.

### 2. *Balance of Hardships and Public Interest*

The Secretary argues that the relief ordered will not only impose a substantial cost on the general fisc and Social Security Trust Fund but also substantially divert scarce resources now being devoted to attempting to administer the SSA. Irreparable harm to the public fisc will result because the cost of effectuating the relief ordered will not be recoverable once it is implemented on behalf of the class as it is

now defined. In addition, the payment of benefits to class members pursuant to the reopening and readjudication of claims under the standards ordered by the Court will not be recoverable if the class is subsequently limited upon review by the Court of Appeals. The Secretary also argues that the harm to the plaintiffs is not irreparable because any member entitled to benefits will be recompensed with full back benefits for any period in which he or she were later found to be disabled, as well as for any period during which a stay may operate.

The plaintiff class argues that the harm to plaintiffs is clearly irreparable because, for some class members, Social Security disability benefits are necessary for food, shelter, and medical treatment. Deprivation of or delay in receiving disability benefits can cause medical setbacks, hospitalizations, and even death. The plaintiff class concludes that no later lump sum payment can redress these forms of deprivation. In addition, the plaintiff class challenges the amount of harm which the Secretary claims will result from the relief ordered. Finally, plaintiff class concludes that the public interest lies in a swift remedy to the Secretary's noncompliance with the proper legal standards.

If it has a poor chance of prevailing on appeal, the party seeking a stay must show that it would be hurt substantially more by the injunction than the other party would be hurt by a stay of the injunction pending appeal. *Indianapolis Colts v. Mayor & City Council of Baltimore, supra,* 733 F.2d at 486. Like other courts which have considered this issue, this Court must find that the balance of hardships strongly favors the plaintiff class. *Holden v. Heckler,* 584 F.Supp. 463, 492 (N.D.Ohio 1984). In *Holden,* the court reached the same conclusion in similar circumstances and reasoned as follows:

> The severe harm suffered by the plaintiff class ... encompassed economic hardship, physical and emotional suffering, and perhaps even death. Protection of the integrity of the public fisc is im-

portant.... But budgetary factors are not more important than protecting the rights to which the class members are entitled....

*Id.*

In addition, where the Secretary's possible injury arises out of her own regulations and conduct, she should not be granted a stay to minimize any potential harm. *Mandel v. U.S. Dept. of Health, Ed. & Welfare,* 417 F.Supp. 57, 59 (D.Md.1976). The Court also notes that the use of denial access codes should facilitate the location of class members and therefore the Secretary's alleged costs for locating the class may be exaggerated. *Smith v. Heckler,* No. S–83–1609, slip op. at 8 (E.D.Cal. January 17, 1985).

Finally, the Secretary argues that potential damage to the public fisc, which represents harm to the government's interest, corresponds to harm to the public interest. In other words, the Secretary argues that a cautious approach in enacting the relief ordered, in the form of a stay, is in the public interest. The Court disagrees with the Secretary's conclusion for two reasons. First, it is difficult to fathom any public interest in the Secretary's holding of claims to be adjudicated under a standard, which the Court has assessed twice before and here for a third time as being improperly written and applied. Since the public obviously includes future claimants for disability benefits, the Court concludes that it is not in the public interest to stay adjudication of claims under the proper standard. Second, the public interest requires that the Secretary recognize and apply the correct rule of law. *Holden v. Heckler, supra,* 584 F.Supp. at 493. Therefore, the Court finds that the public interest would not be served by a stay pending appeal.

### III. CLARIFICATION OF INJUNCTIVE RELIEF

In light of the Secretary's Emergency Instruction IT–23.t25 (January 23, 1985), the Court does not find sufficient grounds for holding the Secretary in civil contempt and therefore the motion of the plaintiff

class for a civil contempt finding is denied. However, the Court grants the motion of the plaintiff class for further relief under 28 U.S.C. § 2202 insofar as it clarifies the relief contained in its September 19, 1984 order. Furthermore, it is apparent to the Court that detailed instructions on how the defendant should comply with this Court's September 19, 1984 order are warranted. The further relief granted is as follows:

IT IS HEREBY ORDERED that defendant, her agents and employees:

1. Shall immediately commence identification of all class members for whom preliminary relief has been awarded, *i.e.* class members whose claims were filed or pending as of February 26, 1979, the date on which the challenged regulations became effective, or thereafter. Defendants shall complete identification of those class members whose benefits were denied at the initial or reconsideration levels of review within thirty days of the date of this order. Defendant shall complete identification of the remaining members of the class awarded relief within seventy-five days of the date of this order. Nothing in this paragraph or the paragraphs which follow shall be construed as requiring the readjudication of individuals who have received an administrative determination or decision after February 26, 1979, which was conducted in accordance with this Court's previous order; and

2. Are directed to redetermine (reopening if necessary) without regard to the enjoined regulations and rulings the applications or claims of class members who received unfavorable administrative decisions on or after February 26, 1979. Such redeterminations are to be made in the manner (and subject to the options) described in sections (a) through (d) below. No class member shall be excluded from the class because they have commenced court proceedings.

(a) With respect to class members whose applications for disability benefits have been denied at the initial administrative stage or on reconsideration and who have not requested review by an administrative law judge, whether or not the time for appealing such denial has now passed.

(i) Defendant shall forward the class member's case file to the Disability Determination Services (DDS) for a new initial determination within three days of receipt of the claims folder by the District Office with jurisdiction over the claim. Defendant shall make best efforts to deliver to the District Office 50% of the claims files within two weeks, 65% of the claims files within three weeks and 80% of the claims files within thirty days after the class member responds to notification by the Secretary. Defendant shall begin reconstructing the files of all class members whose claims files are not received by the appropriate District Office within four months after the class member responds to notification.

(ii) Defendant shall make all good faith efforts to complete the sequential evaluation of disability within four weeks of the date a class member's case file is received by the DDS, unless the class member submits new medical evidence, requests a full redevelopment of evidence and reevaluation of disability, or defendant determines that full redevelopment is required; provided that, in the event the DDS receives more than three thousand cases in any one week, those cases in excess of three thousand shall be considered, for purposes of this subparagraph, as received in the following week. Nothing in this order shall preclude defendant from employing the quality assurance review procedures set forth in 42 U.S.C. 421(c)(3) in each individual class member's case to the extent defendant deems appropriate.

(b) In conducting the redetermination of those applications or claims in which a request for a hearing was or is pending, defendant shall conduct a hearing before an administrative law judge unless a determination of entitlement can be made on the basis of the record.

Such hearings shall be scheduled within thirty days of the date the Secretary identifies the class member, or determines that a person who has presented him/herself as a potential class member is, in fact, a class member. Defendant shall make all good faith efforts to hold hearings within seventy-five days of the date of that identification or determination.

(c) Class members whose hearings have already been held, whether or not the time for appealing the decision has not passed, shall have the option of having a rehearing of proceeding with Appeals Council review, unless a determination of entitlement can be made on the basis of the record. Such rehearing shall be scheduled within thirty days of the date the Secretary identified the class member. Defendant shall make all good faith efforts to hold hearings within seventy-five days of the date of identification or determination of class membership for class members with cases pending before the Appeals Council. Nothing in this provision should be construed to require that hearings be held in cases that were previously adjudicated in accordance with the injunctive relief as ordered by the court.

(d) Class members who received unfavorable Appeals Council decisions, whether or not the time for requesting judicial review has now lapsed, shall have the option of an Appeals Council review conducted in accordance with *Johnson* criteria. If such review is requested, such review shall be undertaken within thirty days from the date it is requested.

(e) Class members who have actions pending in federal court may elect to have their cases remanded to the Secretary for a reevaluation. If such an election is made, the Secretary shall move the Court for or otherwise agree to a remand of the case. For class members who have had cases remanded from Federal Court, defendant shall make all good faith efforts to hold hearings within seventy-five days of the date that defendant receives a copy of the remand order or within eighty-five days of the date the remand order is entered, whichever is earlier; and

3. Shall immediately issue instructions to Social Security Offices in the State of Illinois, to the Office of Hearings and Appeals, to the Appeals Council, and to the State Disability Determination Services requiring compliance with paragraph (1).

4. Shall, within one week of entry of this order, issue instructions for compliance with this order including procedures to be used in identifying class members, for reevaluating initial claims of plaintiff class members who have been denied at the initial administrative stage or on reconsideration; and

5. Shall immediately provide plaintiffs' attorneys with copies of all memoranda, notices, instructions, directives and like documents issued to effect compliance with this order as those documents are issued; and

6. Shall report to plaintiffs' counsel every four weeks with:

(a) a list of the names and social security numbers of class members who have been identified; and

(b) the number of class members identified; and

(c) the number of cases ordered forwarded to DDS's and

(d) the number of cases that have been scheduled for hearings, and the number of hearings that have been conducted; and

(e) the number of redeterminations of applications that result in allowances, the number that result in denials, and the number of redeterminations of termination cases that result in allowances and the number that result in terminations; and

7. The Secretary may petition the Court at any time for relief from any one or more of the provisions of paragraph 6 above. Such relief shall be granted upon a show-

**1078**

ing made by the Secretary and a determination of the Court that the implementation of this order is proceeding smoothly and that the information called for in the particular provision or provisions from which the Secretary seeks relief is no longer needed or upon a showing and a determination of the Court that such relief is otherwise appropriate; and

8. Nothing in this order shall be construed as precluding members of the plaintiff class from obtaining greater relief on alternative grounds. Class members shall retain all rights to administrative and judicial review of decisions made as a consequence of this order. Nothing in this order shall be construed as precluding class members who choose to proceed with their individual court cases from seeking preliminary relief in those cases.