**Luevenia WARE, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 84 C 9997.**

United States District Court,
N.D. Illinois, E.D.

July 24, 1987.

John F. Dziedziak, Williams & Marcus, Ltd., Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U.S. Atty., Donna Morros Weinstein, Irving M. Isaeson, Dept. of Health and Human Services, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on the motion of the plaintiff, Luevenia Ware, for an award of attorney's fees pursuant the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the court concludes that the plaintiff was not a prevailing party under the act, the motion is denied.

## FACTS

The plaintiff applied for disability benefits under the Social Security Act ("SSA") on October 17, 1983, alleging that she had been disabled since June 30, 1983 due to spinal arthritis and pain in her right hip and knee. Her application was denied initially and on reconsideration. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ concluded, in a decision dated July 16, 1984, that the plaintiff was not disabled within the meaning of the SSA because she did not have a severe impairment as that term is defined at 20

---

C.F.R. § 404.1521. The Appeals Council affirmed that decision.

The plaintiff, in a complaint filed November 16, 1984, sought review in this court of the Secretary's final decision. She argued that substantial evidence did not support the ALJ's finding that her impairment was not severe and that the ALJ failed to evaluate properly her subjective complaints of pain. On August 1, 1985, the court reversed the Secretary's decision and remanded the case for further proceedings. Although the court's opinion referred to a lack of substantial evidence, the reversal was not based on an examination of the evidence, but on a determination that the ALJ had applied an invalid test to the evidence. The ALJ had denied the plaintiff's application for benefits on the ground that she did not have a severe impairment as defined by "step two" of the regulations. In *Johnson v. Heckler*, 593 F.Supp. 375 (N.D.Ill.1984), *aff'd*, 769 F.2d 1202 (7th Cir. 1985), Judge Bua had found the severity or step two regulation to be invalid because it impermissibly increased the showing a claimant must make to establish a prima facie case of disability. Based on the *Johnson* decision, this court remanded this case to the Secretary to determine the plaintiff's entitlement to benefits without application of the severity regulation.

On remand, the ALJ held a supplemental hearing after which he concluded that the plaintiff was disabled under the act. The Appeals Council adopted the ALJ's decision as the final decision of the Secretary on March 23, 1987. The plaintiff now seeks an award of attorney's fees under the EAJA in the amount of $916.80.

## DISCUSSION

Under the EAJA, 28 U.S.C. § 2412(d)(1)(A), a party who prevails in any civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The government argues both that the plaintiff is not a prevailing party and that the Secretary's position throughout these proceedings was substantially justified.

Neither of the parties have provided the court with any cases discussing the availability of attorney's fees under the EAJA in cases remanded to the Secretary under the authority of *Johnson*. Several judges in this district, including myself, have concluded that a claimant whose case is remanded pursuant to the Social Security Disability Benefits Reform Act of 1984 and who are found disabled on remand are not prevailing parties and are not entitled to an award of attorney's fees under the EAJA. In *Krause v. Heckler*, No. 84–3322 (N.D.Ill. Jan. 9, 1987), Judge Leighton stated:

> Where a party recovers the relief sought in a manner other than litigation of the substantive issues in the case, it is considered a prevailing party only if filing of the lawsuit motivated the relief recovered. That is "plaintiff's lawsuit must be causally linked to the achievement of the relief obtained." *Lovell v. City of Kankakee*, 783 F.2d 95, 96 (7th Cir.1986). In this case, it was the amendment of the Act, rather than the filing of this suit, which led to the reinstatement of plaintiff's benefits. Accordingly, the plaintiff is not a prevailing party and is not entitled to fees under § 2412(d)(1)(A).

In *Mathus v. Heckler*, 661 F.Supp. 241 (N.D.Ill.1987) Judge Hart also concluded that where the court had no occasion to address the merits of the case, but remanded the case for review pursuant to the Reform Act's mandate, the plaintiff had not prevailed within the meaning of the EAJA. "It would require an impermissible stretching of the imagination to conclude, as plaintiff urges, that plaintiff's lawsuit was a significant catalyst, or causal factor, in bringing about the passage of the legislation which ultimately formed the basis of the award of benefits." At 242.

In *Bogacz v. Bowen*, No. 84–2284 (N.D. Ill. May 20, 1987) [Available on WESTLAW, DCT database], the plaintiff argued that a causal link existed between his lawsuit and the relief obtained because he fell within the mandatory remand provisions of the Reform Act because his lawsuit was

pending on the date the act was passed. I rejected that position, saying:

> The phrase "causal link" cannot be interpreted as broadly as the plaintiff wishes. To be causally linked to the achievement of the relief obtained, the plaintiff's lawsuit must have played a provocative role in obtaining relief. *Lovell v. City of Kankakee*, 783 F.2d 95, 96–97 (7th Cir. 1986); *Harrington v. DeVito*, 656 F.2d 264, 267 (7th Cir.1981). In other words, the plaintiff's lawsuit must have, at least in part, motivated the defendant's decision to alter her conduct. *See e.g., Harrington*, 656 F.2d at 267 ("[defendant] took specific actions in response to the plaintiff's lawsuit"); *Lackey v. Bowling*, 476 F.Supp. 1111, 1115 (N.D.Ill.1979) (threat and filing of lawsuit at least hastened defendants' change of policy).

Mem. op. at 3.

The rationale of these decisions is equally applicable here. The remand of the plaintiff's case resulted from a change in the applicable law caused by the decisions of Judge Bua and the Seventh Circuit in *Johnson*, not from litigation of the substantive issues raised by the plaintiff before this court. Her lawsuit was not a motivating or causal factor in the invalidation of the severity regulation which necessitated remand of the case and led ultimately to an award of benefits.

Furthermore, it appears that the plaintiff in this action may have been a member of the plaintiff class in *Johnson* and as such, was entitled to a new hearing even without filing this lawsuit. *Johnson* was brought as a class action on behalf of:

> [a]ll persons in Illinois who are filing or have filed applications for disability benefits under Title II and/or Title XVI of the Social Security Act, and whose benefits are being or have been denied pursuant to the policies set forth in 20 C.F.R. §§ 404.1520(c), 404.1522, 416.920(c) and 416.922 (1982), and Social Security Rulings cum. ed. 82–55 (1982); and all recipients of such benefits who are making or have made claims for continued benefits ... and whose benefits are being or have

been terminated pursuant to the same policies.

*Johnson v. Heckler*, 100 F.R.D. 70, 72 (N.D.Ill.1983). Judge Bua enjoined the Secretary from enforcing the severity regulation and ordered the Secretary to hold new hearings without application of the regulation for all class members. If, as it appears, Ware was a member of the *Johnson* class, she was entitled to a new hearing under Judge Bua's order even without the filing of this lawsuit.

Under these circumstances, the plaintiff cannot be said to be a prevailing party within the meaning of the EAJA. Accordingly, her motion for attorney's fees under that act is denied.