Omegar Carlo LUCENA, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 82–2325(PG).

United States District Court, D. Puerto Rico.

Jan. 21, 1985.

Fernando A. Diez, Mayaguez, P.R., for plaintiff.

Fidel A. Sevillano Del Río, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, (the Act) for review of the decision of the Secretary of Health and Human Services (the Secretary) which denied plaintiff's application for a period of disability and disability insurance benefits.

Through Opinion and Order of September 26, 1983, this case was remanded to the Secretary for further proceedings. 572 F.Supp. 130.

The claimant is a 61-year-old illiterate man with heavy work experience as janitor, watchman, handyman, car tire fixer and assistant mechanic for a government agency (Tr. 48, 67, 77).

After an evaluation of the evidence submitted, we found that aside from a medical report by Dr. Juan E. Acevedo (Tr. 127–136), the rest of the medical evidence established that plaintiff could not perform his past work.

■ The standard of judicial review in these actions requires from us careful examination of the record of each individual case to determine its adequacy to support the findings. While the court does not substitute its judgment for that of the Secretary, neither does it act as a "rubber stamp" of administrative determinations. *Correa v. Secretary of the Department of Health and Human Services*, 501 F.Supp. 236, 237 (S.D.N.Y.1980).

Accordingly, we determined that the medical evidence on file established plaintiff's inability to perform his past work. Thus, having concluded that plaintiff established a *prima facie* case of disability, we remanded for further administrative action. A review of the five-step sequential evaluation process is appropriate in order to ascertain whether the Secretary complied with the specific purposes of the remand from this Court.

Under the guidelines promulgated by the Secretary pursuant to the authority delegated by the Act a five-step sequential process through which benefit claims are evaluated has been outlined.

First, the Secretary determines whether an individual is engaged in "substantial gainful activity"; if so, benefits are denied, 20 C.F.R. §§ 404.1520(h), 416.920(b). If not, the Secretary determines whether the claimant's medical condition or impairment is "severe"; if found "not severe", benefits are denied, 20 C.F.R. §§ 404.1520(c), 404.-1521, 416.920(c). Third, the Secretary determines whether the claimant suffers from an impairment acknowledged to be so severe that the claimant is presumed to be incapable of pursuing any gainful activity. If so, then the claimant meets or equals the Listing of Impairments and benefits are warded, 20 C.F.R. §§ 404.1520(d), 416.-920(d). However, if the claimant's impairment does not satisfy the Listing of Impairments, the fourth step requires the Secretary to determine whether the individual has a sufficient "residual functional capacity" to perform his former work. If in the affirmative, then benefits are denied, 20 C.F.R. §§ 404.1520(e), 404.1545(c). Lastly, if an individual still has not been ruled ineligible for benefits, the fifth step requires the Secretary to take into account the additional considerations of age, education and past-work experience to determine whether the individual is capable of performing any other work available in the economy, 20 C.F.R. § 404.1520(f)(1).

■ In our Opinion and Order we found that there was not substantial evidence to support the Secretary's finding to the effect that plaintiff's impairments did not significantly limit his ability to perform basic work-related functions. Rather, from our review of the whole record we found plaintiff unable to perform his past work.

Our remand order directed administrative action in the light of this finding. Accordingly, the Secretary was under the

duty to explore the fifth sequential test, to wit: to ascertain whether claimant's impairments prevent him from performing other work of the sort found in the economy.

On review, the supplemental transcript discloses that during the administrative hearing held on April 5, 1984, (Tr. 171–190) the Secretary reevaluated the medical evidence with the aid of a medical advisor who testified during said hearing. Based on this testimony the administrative law judge concluded that claimant is not disabled because his impairments are not severe (Tr. 161–164).

Having established a *prima facie* case of disability, it was improper for the administrative law judge to reevaluate the medical evidence and to conclude, based on the testimony of a non-examining physician, that claimant's impairments are not severe. This testimony does not constitute substantial evidence. The Secretary failed to develop the record as per the instructions of our Opinion and Order of September 26, 1983.

In view of the foregoing, we find "good cause" to remand under Section 205(g) of the Act (42 U.S.C. § 405(g)); and it is hereby

ORDERED that this case be and is hereby REMANDED to the Secretary to further develop the record and secure evidence in compliance with the fifth sequential test, to wit: whether claimant's impairments prevent him from performing other work in the economy.

IT IS SO ORDERED.