**Walter JACKSON**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 83–3570.**

United States District Court,
E.D. Pennsylvania.

Feb. 6, 1984.

Mark A. Kaufman, Chester, Pa., for plaintiff.

Margaret L. Hutchinson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action was brought under Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), to review the final decision of the defendant, the Secretary of Health and Human Services ("Secretary"). The plaintiff, Walter Jackson filed an application for a period of disability and disability insurance benefits and for Supplemental Security Income on November 27, 1981. His application was denied initially and on reconsideration by the Office of Disability operations of the Social Security Administration.

The case was heard *de novo* by an Administrative Law Judge ("ALJ") on December 7, 1982 before whom the plaintiff, rep-

resented by counsel, testified. In a decision dated January 25, 1983 the ALJ determined that the plaintiff was not under a disability, as defined by the Social Security Act, and therefore not entitled to disability insurance benefits. On June 3, 1983 the Appeals Council denied the plaintiff's request for review, thereby making the determination by the ALJ the final decision of the Secretary.

Presently before the court are cross-motions by the parties for summary judgment. For the reasons which follow, the motion of the defendant is granted and the motion of the plaintiff is denied.

■ Title 42 U.S.C. § 405(g) provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. Thus, this court's scope of review is a narrow one. The extent of the evidence required to support the position of the Secretary is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). The sole purpose of our review is to determine whether, considering the record as a whole, there is substantial evidence to support the Secretary's findings of fact. *Goldman v. Folsom*, 246 F.2d 776, 778 (3d Cir.1957). While we recognize the deference to administrative decisions implied in the substantial evidence rule, there is simultaneously a responsibility in a reviewing court to assure that administrative conclusions are rational. *Universal Camera Corp. v. Labor Board*, 340 U.S. 474, 480, 71 S.Ct. 456, 460, 95 L.Ed. 456 (1951); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981). Nevertheless, after carefully reviewing the record, the plaintiff's and defendant's motions, and supporting briefs, we hold that the Secretary's determination that the plaintiff is not disabled is supported by substantial evidence.

"Disability" is defined in the Act as "any medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A), which is so severe that the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy..." 42 U.S.C. § 423(d)(2)(A). This definition of disability also applies to supplemental security benefits for the aged, blind and disabled. 42 U.S.C. § 1382c(a)(3)(A), (B).

In determining whether a plaintiff suffers from an impairment which prevents him from engaging in any substantial gainful activity the ALJ is required to undertake a five step analysis. 20 C.F.R. 404.-1520, 416.920. *Santise v. Schweiker*, 676 F.2d 925 (3d Cir.1982). The ALJ must consider whether the claimant is currently working; whether the impairments are "severe"; whether the impairments are so severe that benefits should automatically be awarded; whether the claimant can perform his past work; whether the claimant can perform other substantial gainful work in the economy. *Id.* In this case, the ALJ found that the claimant was not severely disabled. Moreover, the ALJ found that even if the claimant's impairments were found to be severe the evidence would not establish that he was unable to engage in work activity.

In the case *sub judice* the ALJ determined that the plaintiff has been diagnosed as suffering from the following impairments which when considered individually or in combination did not render him disabled: emphysema, gout, chronic arthritis, hepatomegaly, edema, heart enlargement and cardiac arrhythmia. Moreover, the ALJ noted that the evidence only established that the claimant suffered from slight scoliosis of the lumbar spine, mild hypertension, mild right foot drop and moderate chronic obstructive pulmonary disease with good response to bronchodilation.

As the ALJ correctly concluded, there is no medical evidence prior to December 31, 1978, the date when the claimant last met

the disability insured status requirements of Title II of the Act. The claimant alleged that he was hospitalized in 1974 for a back and leg problem, yet he has not submitted evidence concerning such hospitalization. In fact, the earliest medical report submitted is dated December 8, 1980, wherein defendant was seen as an outpatient by the Veterans Administration. The report merely noted that Clinoril was being substituted for Zyclospasm in the treatment of claimant's arthritis. Furthermore, in a November 23, 1982 report, Dr. Henderson stated that claimant's emphysema, gout, and chronic arthritis have only been present, albeit at an increasing level, for a period of 2–3 years prior to his report. Thus, there is no evidence from which one could conclude that the claimant suffered from any severe impairment prior to December 31, 1978.

Moreover, as to claimant's application for supplemental security income, there is substantial evidence to support the Secretary's conclusion that the claimant is not presently disabled, nor at any time since he filed such application on November 27, 1981. The medical records from the Veterans Administration, covering the period of December 8, 1980 to February 3, 1982, merely reveal claimant's general complaints and his need to have his prescriptions refilled. These medical records reveal that claimant also complained of blurring in his eye, which the records and claimant's own testimony indicate has been treated effectively with medication. It should be noted in this context that when an individual's impairment reasonably can be remedied by medication or treatment, it is not disabling under the Social Security Act. *Stillwell v. Cohen*, 411 F.2d 574 (5th Cir.1969); *Henry v. Gardner*, 381 F.2d 191 (6th Cir.), *cert. denied*, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), *Purdham v. Celebrezze*, 349 F.2d 828 (4th Cir.1965).

The claimant was examined by Dr. Mark Camp on January 12, 1982. The diagnoses were hypertensive cardiovascular disease, nodular thyroid, gout, arthralgias and apparent traumatic neuropathy with a right foot drop. Lumbar x-rays were normal other than a slight right convex scoliosis of the lumbar spine. Dr. Camp's examination revealed the following to be at or near normal: color, head features, eye vision, extraoccular motion, pupila reaction, fuordi, ears and hearing, nose, mouth, oral hygiene, teeth, throat, thyroid, chest, heart, abdomen, external genitalia, skeleton, upper extremities, lower extremities albeit with a right foot drop, peripheral pulse. Dr. Camp recognized that claimant has had lower back pain ever since he was involved in an automobile accident in 1964, and that subsequently other joints have become involved. Dr. Camp also discussed claimant's emphysema and claimant's discussion of its effects.

The plaintiff's treating physician, Dr. Henderson, in a medical report dated March 16, 1982 diagnosed defendant as suffering from emphysema, gout and chronic arthritis. Dr. Henderson stated that chest x-rays, ventilation reports and arterial blood gas studies were available at the VA Hospital in Wilmington, Delaware, yet no such reports were ever submitted by the claimant. Dr. Henderson revealed that claimant suffers on an average, one or two attacks of difficult breathing per month. As to claimants arthritis, Dr. Henderson determined that claimant's attacks recur every 2–6 weeks. Dr. Henderson further determined that claimant only suffers a 50% limitation of function in bending or standing, with no limitation of function in his ability to walk.

Moreover, Dr. Henderson concluded that claimant could safely lift 50 pounds and retained a 40% grip strength in his hands. Dr. Henderson also diagnosed claimant as suffering from hypertension with occurrences of arrhythmias, heart enlargement, hepatomegaly, hypertension and edema. Dr. Henderson referred all inquiries regarding the clinical data to the VA Hospital in Wilmington. Again, no such reports were submitted. Dr. Henderson noted that claimant suffers shortness of breath and chest discomfort once or twice a week, which is relieved by rest.

In an April 22, 1982 medical report, Dr. Richard J. Goldman, Board certified in Internal Medicine, summarized claimant's condition as follows:

[W]e have a gentleman with mild hypertension, moderate chronic obstructive lung disease, a history of gouty arthritis and possibly degenerative and post-traumatic arthritis, and apparently a mild right foot drop, secondary to a previous injury.

Moreover, Dr. Goldman found the following to be normal or within normal range: head, neck, pupils, chest, heart, distal pulses, abdomen, sinus rhythm, glucose, general kidney and liver functions. Although pulmonary function studies revealed a moderate obstructive defect, such showed a good response to bronchodilator. It should be noted that clinical data were submitted by Dr. Goldman.

Finally, Dr. Henderson, in response to claimant's counsel's inquiry, reaffirmed his earlier diagnosis of gout and chronic arthritis. Moreover, on October 21, 1982, Dr. Henderson completed a Physical Capacities Evaluation. The evaluation revealed that claimant, in an eight hour day, can sit for eight hours, stand for three hours and walk for two hours. The evaluation also revealed that the claimant can occasionally lift twenty pounds, and occasionally carry up to fifty pounds. Moreover, the claimant can use his hands for simple grasping, reaching, pushing or pulling, although not for manipulating. The claimant can not use his feet or legs to operate foot or leg controls. The claimant can occasionally bend, squat and reach above shoulder level although he cannot kneel or crawl. Lastly, Dr. Henderson concluded that the claimant may not be exposed to the following working conditions: unprotected heights, moving machinery, noise and vibration, extreme temperatures, nor dust, fumes or gases. Finally, Dr. Henderson stated that such restrictions are permanent.

The findings of the ALJ are based, *inter alia*, on a thorough examination of testimony of the claimant as well as consideration of the medical reports. It should be noted that the most recent medical report, and this is of claimant's treating physician, merely reveals that claimant's condition is permanent and that he is being treated by the use of muscle relaxants, pain prescriptions, nerve sedation and steroids. The physical evaluation also by plaintiff's treating physician, reveals that plaintiff still retains to a degree the functional use of his hands, arms and joints. This evaluation was generally in accord with this same physician's earlier estimate of claimant's limitation of function. Moreover, the physical examinations of Mr. Jackson have revealed that his condition other than the gout, arthritis, and foot drop are considered normal. Moreover, when plaintiff's condition was compared to Social Security Ruling 82–55 it was determined that his impairments were not severe. Thus, the determination that plaintiff's physical impairments are not severe, for purposes of the Act, is supported by substantial evidence.

In addition, plaintiff's own testimony indicates that his basic daily activities, construction of interests and ability to relate to other people are not significantly limited by his impairments. He testified that he does both the cleaning of the apartment, and the cooking either by himself or with another person. He plays cards and shoots pool at a senior citizens center and he walks approximately six blocks and is able to handle 25–30 pounds with his hands. Thus, plaintiff's own testimony, coupled with the medical records demonstrate that his impairments, both singly or in combination, do not significantly limit his ability to do basic work activities. See 20 C.F.R. § 404.1520, 416.921. Thus, plaintiff is not severely disabled for purposes of the Act.

■ An examination of the evidence before this court leads to the conclusion that the ALJ did make a determination based on substantial evidence. The ALJ considered extensive medical records and testimony in reaching his determination. Therefore, there is substantial evidence in the record to support the ALJ's conclusion that the claimant is not entitled to the benefits for which he has applied.

The claimant contends that a disallowance of a claim where the impairment is not severe would defeat the purpose of the Social Security Act. It is to be noted that plaintiff cites no case supporting such a conclusion.

Congress has vested in the Secretary of Health and Human Services the power to issue rules "not inconsistent with the provisions of this title [and] necessary or appropriate to carry out [its] provisions." 42 U.S.C. § 405(a). It is well established that Congress may "delegate[ ] broad powers to executives to determine [through implementing regulations] the details of any legislative scheme." *Santise v. Schweiker*, 676 F.2d 925 (3d Cir.1982), quoting, *U.S. v. Rock Royal Co-operative Inc.*, 307 U.S. 533, 574, 59 S.Ct. 993, 1013, 83 L.Ed. 1446 (1939). In fact, it is clear that the Secretary possesses "exceptionally broad authority to prescribe standards for applying certain sections of the Act." *Schweiker v. Gray Panthers*, 453 U.S. 34, 43–44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). The appropriate standard of judicial review to be applied in this case is whether the Secretary acted arbitrarily or capriciously, exceeded its statutory authority or in any way abused its discretion. See *Santise v. Schweiker, supra* at 934.

The Act, as it pertains to disability benefits, requires that a disability be severe. 20 C.F.R. § 404.1520, 416.920. A non-severe impairment is defined as one which "does not significantly limit your physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1521, 416.921. Basic work activities are further defined *inter alia* as the abilities and aptitudes necessary to do most jobs. *Id.*

The plaintiff contends that SSR 82–55, which gives examples of non-severe impairments, is defective because it substitutes non-regulatory presumptions for individualized functional assessments. In the first place, SSR 82–55 is intended to serve as guidelines or examples. Secondly, plaintiff's contention that the Secretary should consider plaintiff's age, education and experience before determining the severity of plaintiff's disability is at odds with the Secretary's position. The Secretary recognizes that in certain instances a non-severe impairment may prevent an individual from performing a highly selective job. However, the Secretary concludes that the individual would nevertheless be able to perform the basic work related functions as they are required in most jobs. SSR 82–55, p. 72.

As mentioned earlier, the basic work related functions are defined in 20 C.F.R. § 404.1521, 416.921. We cannot say that such a conclusion by the Secretary, as incorporated in the regulations and SSR 82–55 is arbitrary, capricious or an abuse of discretion. Thus, the Secretary's denial of claimant's disability claim is affirmed on this ground as well.

Finally, plaintiff contends that SSR 82–55 violates the rulemaking provisions of the Administrative Procedure Act, 5 U.S.C. § 552(a)(1)(D). 5 U.S.C. § 552(a)(1)(D) provides as follows:

> Each agency shall separately state and currently publish in the Federal Register ... substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency....

However, "a statement of policy and interpretations which have been adopted by the agency and are not published in the Federal Register ... that affect[ ] a member of the public may be relied on used, or cited as precedent by, an agency against a party." 5 U.S.C. § 552(a)(2). It is required that such statement be available for inspection and copying or published and offered for sale. 5 U.S.C. § 552(a)(2)(B). Here, the statement of policy/interpretation was published under the title of SSR 82–55, which was published for sale. 20 C.F.R. 422.410(d) ("Publications for sale"). Thus, the ALJ's reliance on SSR 82–55 was valid.

Thus, there are no grounds for remand, defendant's motion for summary judgment is granted and plaintiff's motion is denied.