Irvin BAILEY, on behalf of himself and all others similarly situated, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 83-1797.

United States District Court, M.D. Pennsylvania.

Sept. 13, 1988.

Peter B. Macky, Susquehanna Legal Services, Sunbury, Pa., Frederick M. Stanczak, Legal Services of Central N.Y., Syracuse, N.Y. (Jonathan M. Stein, Community Legal Services, Inc., Philadelphia, Pa., Steven

Robins, Northwestern Legal Services, Bradford, Pa., of counsel), for plaintiff.

Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., Charlott Hardnatt, Regional Counsel, Dept. of HHS, Philadelphia, Pa., Wendy Miller, Ellicott City, Md., for defendant.

## MEMORANDUM

RAMBO, District Judge.

The named plaintiff, Irvin Bailey, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Secretary of Health and Human Services denying Bailey's application for Supplemental Security Income ("SSI"). On July 15, 1984, Bailey filed an amended complaint seeking to pursue the action as a class action. The amended complaint claims that: (1) 20 C.F.R. §§ 404.-1520-404.1522 and 20 C.F.R. §§ 416.920-416.922 (hereinafter referred to as "severity regulations") conflict with the Social Security Act ("Act") and are, therefore, invalid; (2) the severity regulations violate the Administrative Procedure Act ("APA"); (3) Social Security Ruling 82-55 ("SSR 82-55") violates the APA; (4) severity regulations and SSR 82-55 violate the plaintiff's equal protection rights under the Fifth Amendment; and (5) the Secretary's decision denying Bailey SSI benefits is not supported by substantial evidence. By order of December 3, 1985, summary judgment was entered in favor of the plaintiff's class. The order denied Bailey's summary judgment motion in his individual case.

The Secretary appealed the order of December 3, 1985. The plaintiff appealed the court's orders of June 5, 1985 and March 11, 1986 defining the plaintiff class. The Secretary also appealed the court's order of March 11, 1986 which amended both the definition of the plaintiff class and the order of December 3, 1985. The Third Circuit Court of Appeals held the appeal in abeyance pending the decision of the United States Supreme Court in *Bowen v. Yuckert*, 482 U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Supreme Court subsequently upheld the facial validity of several of the severity regulations in *Yuc-*

*kert.* On September 15, 1987, the Third Circuit Court of Appeals vacated the district court's judgments of December 3, 1985 and March 11, 1986 and remanded the case to the district court to determine "what issues, including those related to the permanent need for class certification, remain to be decided."

On September 25, 1987, the magistrate to whom this matter was referred directed the parties to file status reports and briefs addressing the issues presently outstanding in the case. Pursuant to those filings, the magistrate filed a report and recommendation dated April 19, 1988 in which he made the following recommendations: (1) that the Secretary's motion to dismiss be granted as to plaintiff's claims that (a) the severity regulations and SSRs 82-55 and 85-28 are invalid as applied, and (b) SSR 85-28 was promulgated in violation of the APA; (2) that the remainder of the plaintiff's claims be dismissed with the exception of the claims that (a) 20 C.F.R. §§ 404.-1520(c), 404.1521, 416.90(c), and SSR 82-55 were promulgated in violation of the APA, and (b) 20 C.F.R. §§ 404.1522 and 416.922 violated the Act because they required multiple impairments to be considered individually rather than in combination. Both parties filed exceptions to the magistrate's report. Upon review of the magistrate's report, the briefs of the parties in support of their exceptions, and the applicable case law, this court will adopt the magistrate's report dated April 7, 1988 with the exception of the APA issue.

 Plaintiff claims that 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c) and SSR 82-55 were promulgated in violation of the APA. This court finds, however, that the regulations were promulgated in accordance with the provisions of the APA, 5 U.S.C. § 553. *See* 43 Fed.Reg. 9, 284 (1978) and 44 Fed.Reg. 38, 879 (1979). Duly promulgated regulations must be upheld unless they are either arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). In *Yuckert, supra*, the Court held that 20 C.F.R. § 404.1520(c)

(1986) was valid on its face under the language of the act and the legislative history. By implication, sections 404.1521 and 416.-920(c) survive the same scrutiny. Therefore, the first issues for this court's consideration are whether SSR 82–55 was subject to notice and comment rulemaking under the APA and whether the Secretary had a rational basis for issuing the ruling.

Title 5 U.S.C. section 553(b) reads, in part:

(b) General notice of proposed rulemaking shall be published in the Federal Register.... The notice shall include—
...

> (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved. Except when notice or hearing is required by statute, this subsection does not apply—
>
> (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice....

5 U.S.C. § 553(b)(3)(A). An interpretative rule is defined as " 'a clarification or explanation of existing laws or regulations, rather than a substantive modification in or adoption of new regulations.' " *Taunton Municipal Lighting Plant v. Dept. of Energy,* 669 F.2d 710, 715 (Temp.Emer.Ct. App.1982) (quoting *Continental Oil Co. v. Burns,* 317 F.Supp. 194, 197 (D.Del.1970)). The court in *Jackson v. Heckler,* 580 F.Supp. 1077 (E.D.Pa.1984) noted that "statement[s] of policy and interpretations which have been adopted by the agency and are not published in the Federal Register ... that affect a member of the public" may be relied on, used, or cited as precedent by, an agency against a party. *Id.* at 1081 (quoting 5 U.S.C. § 552(a)(2)). That court further noted that such statements must be either available for inspection and copying or published and offered for sale. 580 F.Supp. at 1081 (citing 5 U.S.C. § 552(a)(2)(B). The *Jackson* court found that the statement of policy/interpretation was published under the title of SSR 82–55, which was published for sale. 580 F.Supp. at 1081; 20 C.F.R. 422.410(d)

("Publications for sale"). Furthermore, the court in *Jackson* held, "[w]e cannot say that such a conclusion by the Secretary, as incorporated in the regulations in SSR 82–55, is arbitrary, capricious, or an abuse of discretion." 580 F.Supp. at 1081. Accordingly, the regulation must be upheld and the plaintiff's APA claims will be dismissed.

This court next must consider the magistrate's April 7, 1988 recommendation that the defendant's motion to dismiss be denied on the issue of whether 20 C.F.R. §§ 404.1522 and 416.922 violated the Act because they required multiple impairments to be considered individually rather than in combination. By order dated December 3, 1985, this court concluded that the provisions violated the Act prior to the Disability Benefits Reform Act ("DBRA"). The court's conclusion was based on the rationale found in *Johnson v. Heckler,* 593 F.Supp. 375 (N.D.Ill.1984), *aff'd,* 769 F.2d 1202 (7th Cir.1985). The Supreme Court remanded *Johnson* for reconsideration in light of *Yuckert, supra.* Likewise, the Third Circuit Court of Appeals remanded the instant case in light of *Yuckert.* The Secretary now argues that the *Yuckert* decision affects the *Johnson* case and because this court relied heavily on *Johnson,* the validity of 20 C.F.R. §§ 404.1522 and 416.922 should be reconsidered in light of *Yuckert.*

The issue to be considered is whether these regulations violated the Act because they required multiple impairments to be considered individually rather than in combination. The parties do not disagree that, pursuant to the terms of section 4 of the 1984 disability amendment, 98 Stat. 1800, which added new section 223(d)(2)(C) to the Act, the Secretary was required as of December 1, 1984 to consider the combined effects of all impairments, whether or not each was "severe" in determining overall medical severity. In dispute, however, is whether the Act required the Secretary to do so *prior* to December 1, 1984, and the related point of Congress' intent in enacting section 4 as reflected in the legislative materials accompanying the 1984 disability amendments.

On December 3, 1985, this court adopted the report and recommendation of the magistrate to grant the plaintiff's motion for summary judgment and to enjoin the Secretary's continued use of 20 C.F.R. §§ 404.-1522 and 416.922 and SSR 82–55. The Secretary requests a reexamination of the importance to be accorded to specific statutory provisions and legislative materials relied upon previously by this court in light of the specific analysis of those materials undertaken by the Supreme Court in *Yuckert.*

The plaintiffs request this court to hold invalid, as contrary to the Act and as arbitrary and capricious, the Secretary's policy on combining the effects of multiple, unrelated, not severe impairments. The policy is embodied in 20 C.F.R. §§ 404.1522 and 416.922 as well as in SSR 82–55. 20 C.F.R. §§ 404.1522 and 416.922 read as follows:

> We cannot combine two or more unrelated severe impairments to meet the twelve-month duration test. If you have a severe impairment(s) and then develop another severe impairment(s) but neither one is expected to last for twelve months, we cannot find you disabled, even though the two impairments in combination last twelve months. However, we can combine unrelated impairments to see if together they are severe enough to keep you from doing substantial gainful activity. We will consider the combined effects of unrelated impairments only if all are severe and expected to last twelve months.

SSR 82–55 explains the rationale behind the policy.

> In as much as a nonsevere impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions needed to do most jobs. However, when a nonsevere impairment(s) is imposed upon a severe impairment(s), the combined effect of all impairments must be considered in assessing RFC.

The Secretary argues that a close reading of the legislative history of the Act in light of the framework provided by *Yuckert* should demonstrate that the court should not declare invalid the Secretary's pre–1984 combination of impairment policy. After a thorough review of *Yuckert* and consideration of the arguments of counsel, presented both orally and in writing, it is the opinion of this court that the *Johnson* case remains unchanged.

The *Yuckert* Court did not delve into the issue of "combined impairments." Rather, the Court emphasized only the need to meet the *disability* step before considering the age, education and work experience criteria. The Court stated, "[t]he legislative history reinforces this understanding of the statutory language. Section 423(d)(2)(A) was intended to 'reemphasize the predominate importance of medical factors in the disability determination.'" *Yuckert,* 482 U.S. at ——, 107 S.Ct. at 2294–95 (quoting S.Rep. No. 744, 90th Cong., 1st Sess., 48 (1967)), U.S.Code Cong. & Admin.News 1967, 2834. Therefore, the claim that 20 C.F.R. §§ 404.1522 and 416.-922 violated the Act because they required multiple impairments to be considered individually rather than in combination remains an issue in this case.

This court will also amend the class certification as defined by the order of March 11, 1986.

## ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT the report and recommendation of Magistrate Smyser dated April 7, 1988 is adopted in part and rejected in part as follows:

1) The Secretary's motion to dismiss is hereby granted as to plaintiff's claims that:

(a) the severity regulations and SSR 82–55 and 85–28 are invalid as applied;

(b) SSR–85–28 was promulgated in violation of the Administrative Procedures Act; and

(c) 20 C.F.R. §§ 404.1520(c) and 404.-1521, 416.920(c), and SSR 82–55 were

promulgated in violation of the Administrative Procedure Act;

2) The remainder of the plaintiff's claims are dismissed with the exception that 20 C.F.R. §§ 404.1522 and 416.922 violate the Social Security Act because they require multiple impairments to be considered individually rather than in combination; and

3) The class certification, defined by order of March 11, 1986, is hereby amended to exclude those persons who reside within the judicial jurisdiction of the Fourth Circuit.