John WILSON and Mary Christopher, on their own behalf and on behalf of others similarly situated, Plaintiffs,

v.

Hon. Louis W. SULLIVAN, M.D.,[*] Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–3771(SSB).

United States District Court, D. New Jersey.

March 31, 1989.

---

[*] Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services on March 1, 1989. The court has substituted him as the defendant in this lawsuit. *See* Fed.R.Civ.P. 25(d)(1).

Jan R. Evans, P.A. by Richard E. Yaskin, Medford, N.J., for plaintiffs.

Samuel A. Alito, Jr., U.S. Atty. by Peter G. O'Malley, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

BROTMAN, District Judge.

This is a class action lawsuit against the Secretary of Health and Human Services ("the Secretary") challenging his severity regulation, step two of his five-step sequential evaluation procedure for determining whether a disability benefits claimant is disabled. The court granted injunctive relief in October 1985 on the ground that step two was facially invalid. The Secretary unsuccessfully appealed to the Third Circuit, but the Supreme Court granted his petition for a writ of certiorari and vacated and remanded the appeals court's decision for reconsideration in light of *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In *Yuckert* the Supreme Court upheld the severity regulation's facial validity. The court of appeals remanded the case to this court, and presently before the court are the Secretary's motions to vacate the preliminary injunction and for summary judgment and the

plaintiffs' cross-motion for partial summary judgment.

## I. FACTS AND PROCEDURE

Representative plaintiff John Wilson filed this action in October 1983 to appeal the Secretary's denial of his application for disability benefits pursuant to the Supplemental Security Income ("SSI") and Old Age Survivor and Disability Insurance ("OASDI") programs. Mary Christopher, whose application for disability insurance and SSI the Secretary also denied, joined Wilson in this action and together they sought leave of court to amend Wilson's complaint so they could seek class certification and injunctive relief. Plaintiffs claimed that they represented a class of disability applicants denied benefits by operation of step two of the Secretary's sequential evaluation process, 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), and 416.921 (1983).[1] As representatives of a class plaintiffs challenged the regulations as invalid and sought a preliminary injunction preventing the Secretary from applying step two in disability determinations for New Jersey claimants. After the plaintiffs filed their motions for class certification and injunctive relief but before the court decided them, the Third Circuit invalidated one of the challenged regulations, 20 C.F.R. § 404.1520(c) (1985), as inconsistent with the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A) (1982 & Supp. III 1985). *Baeder v. Heckler*, 768 F.2d 547 (3d Cir.1985).

In October 1985 the court granted plaintiffs leave to file the amended complaint, and shortly thereafter the court granted the plaintiffs' motions for class certification and injunctive relief. *Wilson v. Heckler*, 622 F.Supp. 649 (D.N.J.1985), *vacated on other grounds*, 796 F.2d 36 (3d Cir. 1986), *vacated*, 482 U.S. 923, 107 S.Ct. 3205, 96 L.Ed.2d 692, *remanded*, 829 F.2d 33 (3d Cir.1987). The court found that the plaintiffs satisfied the numerosity, commonality, typicality, and adequacy of representation requirements of Fed.R.Civ.P. 23(a) as well as the requirements of Fed.R. Civ.P. 23(b)(2) and certified a class consisting of persons in New Jersey who have filed or will file applications for disability benefits under titles II and/or XVI of the Social Security Act and whose claims will be affected by step two of the Secretary's sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520(c), 404.1521, 416.-920(c), and 416.921 (1983), and in the Secretary's then-current interpretation of those regulations, Social Security Ruling ("SSR") 82–55 (1982). 622 F.Supp. at 662–62. The court's ruling limited the class to those claimants who applied for benefits after July 25, 1984, *id.* at 662, but left open the possibility of enlarging the class. *Id.* at 657–58.

Plaintiffs sought preliminary injunctive relief

(1) prohibiting the Secretary from denying or terminating OASDI or SSI benefits due to the asserted non-severity of

---

**1.** The Secretary uses a five-step process to determine whether a claimant is disabled and therefore eligible for benefits. Step one renders ineligible a claimant engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b); 416.-920(b). Step two, at issue here, renders ineligible a claimant without a medically severe impairment or combination of impairments. *Id.* §§ 404.1520(c); 416.920(c). Step three determines whether a claimant's impairment is equivalent to a listed impairment that the Secretary presumes precludes substantial gainful activity. *Id.* §§ 404.1520(d); 416.920(d). Step four determines whether the impairment prevents performance of past work. *Id.* §§ 404.-1520(e); 416.920(e). Step five determines whether a claimant can perform other work in the national economy in view of his age, education, and work experience. A claimant is

eligible for disability benefits if she survives steps one and two and either is presumed disabled at step three or cannot perform either past work (step four) or other suitable work (step five).

Step two is the Secretary's severity regulation. That regulation provides:

If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

*Id.* §§ 404.1520(c); 416.920(c). The Secretary has defined certain terms in this regulation in sections 404.1520 and 416.920. *See generally Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987).

the claimant's impairments; (2) directing the Secretary to initiate or restore payments of benefits to all members of the proposed class who (a) received decisions denying or terminating benefits that were rendered at any stage of the administrative process on or after July 26, 1984; or (b) had pending challenges to such decisions on July 26, 1984; and (3) directing the Secretary to reopen the applications of all class members whose applications for benefits have been denied at any stage of the administrative process since July 26, 1984 and to redetermine those applications without reference to 20 C.F.R. § 404.1520(c).

*Id.* at 654. Holding that the Secretary's interpretation of *Baeder* in a proffered new ruling, SSR 85–28, was "arbitrary and capricious for its patent disregard of Third Circuit precedent," *id.*, and "represents a policy of constructive nonacquiescence," *id.* at 655, the court granted the requested relief. *Id.* In so holding, the court did not reach plaintiffs' claim that SSR 85–28 violated the notice and comment procedures of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(b) (1982). *Id.* at 654 n. 8.

The Secretary appealed to the Third Circuit. The appeals court upheld this court's preliminary injunction, refused to consider the court's class certification decision on jurisdictional grounds, and vacated in part this court's order because it could be read to include claimants not part of the class. The Secretary sought a writ of certiorari from the Supreme Court. While the Secretary's petition for certiorari was pending, the Supreme Court held in *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), that step two of the Secretary's sequential evaluation process does not contravene the Social Security Act. *Yuckert* directly undermined *Baeder,* on which this court premised its injunctive relief. The Supreme Court subsequently granted the Secretary's certiorari petition in this case and vacated the Third Circuit's decision, remanding the case for further consideration in light of *Yuckert. Bowen v. Wilson,* 482 U.S. 923, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987). In turn, the Third Cir-

cuit remanded the case to this court. *Wilson v. Bowen,* 829 F.2d 33 (3d Cir.1987).

Both representative plaintiffs' individual claims have been adjudicated. The Social Security Administration's Appeals Counsel awarded benefits to Mary Christopher at some time after she and Wilson sought class certification but before the court passed on the motion. The court nonetheless found her to be a suitable class representative. *Wilson,* 622 F.Supp. at 650 n. 1. In addition, while the Secretary's petition for writ of certiorari was pending before the Supreme Court, this court granted plaintiff Wilson's motion for summary judgment in his individual case and ordered the Secretary to award benefits retroactive to May 26, 1982. The court's order stated that the decision shall in no way affect Wilson's status as a representative of the plaintiff class in this proceeding.

This case is now before the court on the Secretary's motions to vacate the court's preliminary injunction and for summary judgment and on the plaintiffs' partial cross-motion for summary judgment. The Secretary argues (1) that *Yuckert* undermines the plaintiffs' claims; (2) that plaintiffs' challenge is now moot; (3) that plaintiffs' challenge is now unsuitable for class adjudication; and (4) that he is entitled to summary judgment on plaintiffs' APA claim. Plaintiffs argue in response (1) that they are likely to succeed on their claims that SSR 85–28 was promulgated in violation of the APA and that step two of the Secretary's sequential evaluation process is invalid as applied and therefore the court should not vacate its injunction; and (2) that they are entitled to summary judgment on the issues of the Secretary's alleged APA violation and alleged failure to abandon past misapplication practices.

## II. DISCUSSION

### A. *Yuckert Undermines the Court's Preliminary Injunction*

In *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), the Supreme Court squarely addressed the question of whether the Secretary's severity regulation, 20 C.F.R. § 404.1520(c) (1986),

is inconsistent with the Social Security Act's assignment of burdens of proof and therefore invalid. *Id.* 107 S.Ct. at 2292–93. The Court read the relevant provision of the Act, 42 U.S.C. § 423(d)(2)(A) (1982 & Supp. III 1985), as limiting the Secretary's authority to grant benefits, but not to deny them. "If a claimant is unable to show that he has a medically severe impairment, he is not eligible for disability benefits. In such a case, there is no reason for the Secretary to consider the claimant's age, education, and work experience." *Id.* 107 S.Ct. at 2294. The court went on to find that the legislative history of section 423(d)(2)(A) supports the Secretary's authority to create step two, and that section 4 of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1800, approved step two.

This court's decision granting plaintiffs a preliminary injunction rested squarely on the Third Circuit's decision in *Baeder v. Heckler,* 768 F.2d 547 (3d Cir.1985). *See Wilson v. Heckler,* 622 F.Supp. 649, 652–54 (D.N.J.1985). The *Baeder* court held step two of the Secretary's sequential evaluation process invalid as contravening the Social Security Act by allowing the Secretary to consider only medical and not vocational factors. 768 F.2d at 553. This court granted injunctive relief because the Secretary refused to be bound by the *Baeder* holding. *See Wilson,* 622 F.Supp. at 655 ("[T]he court finds that the new SSR [85–28] represents a policy of constructive nonacquiescence and agrees with plaintiffs that preliminary injunctive relief is strongly warranted."). In essence, the court ordered the Secretary to obey the law of the Third Circuit. However, *Yuckert* overturned *Baeder. See Baeder v. Heckler,* 826 F.2d 1345, 1346 (3d Cir.1987) ("[T]he Supreme Court made clear that our decision in *Baeder* was incorrect."). Because *Baeder* was the underpinning of this court's 1985 preliminary injunction, the injunction can no longer stand unless there is some independent basis for it.

**B.** *The Secretary's Motion to Dismiss*

The Secretary argues that the court should not reach plaintiffs' alternative arguments for continuing the preliminary injunction but instead should dismiss this action as moot or because it is unsuitable for class adjudication. The court disagrees.

1. Mootness

■ The Secretary claims that plaintiffs' claims are moot and therefore must be dismissed. A case becomes moot when there ceases to be a live case or controversy. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *see* U.S. Const. art. III, § 2. The Secretary argues that there is no longer a live controversy in this litigation because the named plaintiffs' claims have been adjudicated without reference to step two. The Secretary also explains that his challenged interpretation of the severity regulation, SSR 82–55 (1982), has been clarified by SSR 85–28 (1985) and superceded by SSR 86–8 (1986). The Secretary further argues that plaintiffs' challenge to his failure to consider combined non-severe impairments was mooted by the passage of section 4 of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1800 (codified at 42 U.S.C. § 423(d)(2)(C)).

■ First, the class that the court certified in this action consists of "[a]ll persons in the State of New Jersey who have filed *or will file* applications for disability benefits ... and whose benefits have been *or will be* denied or terminated based upon [step two]." *Wilson v. Heckler,* 622 F.Supp. 649, 661 (D.N.J.1985) (emphasis added). There is no question that the representative plaintiffs' claims have been adjudicated without reference to step two. Their claims may be moot;[2] however, a class action can remain alive after the representative plaintiff's claims have been mooted. *Sosna v. Iowa,* 419 U.S. 393, 401, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975); *Georgia Ass'n of Retarded Citizens v. McDaniel,* 716 F.2d 1565, 1571 (11th Cir.

**2.** The representative plaintiffs' claims probably are not moot because their disability status is subject to periodic review. 42 U.S.C. § 421(i) (Supp. III 1985); *see Wilkerson v. Bowen,* 828 F.2d 117, 121 n. 4 (3d Cir.1987). However, the court need not decide this question.

1983), *vacated on other grounds,* 468 U.S. 1213, 104 S.Ct. 3581, 82 L.Ed.2d 880 (1984); *Johnson v. Brelje,* 701 F.2d 1201, 1204 n. 1 (7th Cir.1983). In addition, the inclusion of future claimants in the class ensures that there will always be some class members presenting a live case or controversy. At any point in time the class will contain at least some members whose claims the Secretary has not yet adjudicated but will adjudicate with an allegedly improper application of step two. As in *Sosna,* although "the controversy is no longer live as to [the representative plaintiffs], it remains very much alive for the class of persons [they have] been certified to represent." 419 U.S. at 401, 95 S.Ct. at 558; *see also Dixon v. Bowen,* 673 F.Supp. 123, 127 (S.D.N.Y. 1987).

■ Second, the Secretary's argument that two new SSRs supercede SSR 82-55 does not convince the court that the case is moot. Plaintiffs have challenged in part the Secretary's application of the severity regulation. These new SSRs indicate only the Secretary's interpretation of step two, and do not indicate whether he actually will apply the regulation in a lawful manner. In addition, to the extent that the new SSRs represent a change in policy, they do not moot the case because, to the extent that the Secretary has in the past misapplied the severity regulation, they may constitute a mere voluntary cessation of illegal conduct. *See City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). The voluntary cessation exception to the mootness doctrine gives the court power to address plaintiffs' challenge.

■ Third, the Social Security Benefits Reform Act of 1984, 42 U.S.C. § 423(d)(2)(C), now requires the Secretary to consider multiple impairments in combination when making a disability determination. Passage of that law arguably moots plaintiffs' claims because the law requires the Secretary to do what the plaintiffs seek

in this lawsuit. However, the court may retrospectively expand the class to include disability claimants affected by the Secretary's previous practice of not considering such impairments in combination. Until the court passes on the question of retrospective expansion of the class to include claimants who received final decisions from the Secretary prior to July 25, 1984, plaintiffs' claims are not moot. A plaintiff whose personal claim has become moot while seeking class certification has the requisite personal stake in an action to prevent dismissal for mootness as long as she seeks class certification on behalf of others whose claims are not moot. *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed. 2d 479 (1980). Here the representative plaintiffs continue to seek expansion of the court's class certification to encompass individuals who have been affected by the Secretary's alleged previous misapplication of step two.

### 2. Continued Suitability of Class Adjudication

■ The court certified a class of plaintiffs in this action in 1985 pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2) because it found "that the Secretary has acted or refused to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief with respect to the class as a whole appropriate." *Wilson v. Heckler,* 622 F.Supp. 649, 657 (D.N.J. 1985). The court predicated its decision to certify a class on the following:

Like members of the class they propose to represent, the named plaintiffs were denied benefits because the Secretary applied the regulation which the Third Circuit invalidated in *Baeder.* They seek the opportunity to have the final determination of disability focus on all relevant factors mandated by the Act. There is no potential for conflict among class members because all of them want their individual cases to be evaluated fairly, with all relevant factors taken into account. Furthermore, plaintiffs' counsel has considerable experience in Social

Security litigation and will ably represent the interests of the class. Accordingly, the commonality, typicality and adequacy of representation requirements of Fed.R. Civ.P. 23(a) are satisfied.

*Id.* (citation omitted). The court's findings of typicality and commonality were premised on its determination that the Secretary ignored the Third Circuit's holding in *Baeder* that step two of the Secretary's sequential evaluation process was invalid. The court did not analyze rule 23's requirements for certification of a class in light of an as-applied challenge to step two.

To continue this lawsuit as a class action, the court must find that class certification is appropriate for plaintiffs' claim that the severity regulation is invalid as applied. Plaintiffs allege that the Secretary has misapplied and will continue to misapply step two to all disability benefits claimants. To the extent that plaintiffs allege a policy of systematic rather than case-specific misapplication, their claim is suitable for class adjudication for the same reasons that their claim of facial invalidity was so suitable. The court's views on the issues of numerosity, typicality, and adequacy of representation [3] remain the same as with their facial challenge. Moreover, because the plaintiffs allege a policy of systematic misapplication, the court's view on the issue of commonality remains unchanged. *See Dixon v. Bowen,* 673 F.Supp. 123, 127–128 (S.D.N.Y.1987) (maintaining class certification in case factually and procedurally similar to the case presently before the court). Consequently, the court finds that class certification is still suitable even though plaintiffs' facial challenge to step two is no longer viable.

### C. *Alternative Bases for Injunctive Relief*

Plaintiffs suggest two bases for the injunction to stand after *Yuckert:* (1) SSR 85–28 (1985) and certain of the Secretary's supplemental instructions violate the notice and comment procedures of the APA, 5 U.S.C. § 553(b) (1982); and (2) step two of the Secretary's sequential evaluation process is invalid as applied. Plaintiffs have also moved for summary judgment on each of these issues. *See infra* section II.D. To maintain the preliminary injunction, plaintiffs would have to establish, *inter alia,* a likelihood of success on the merits of their claim. *See United States v. Price,* 688 F.2d 204, 211 (3d Cir.1982); *Kershner v. Mazurkiewicz,* 670 F.2d 440, 443 (3d Cir.1982). The court finds that plaintiffs have failed to demonstrate likelihood of success on the merits of either claim and therefore will vacate the injunction.

#### 1. The Secretary's Alleged APA Violation

■ The Secretary's rules governing disability determination are subject to the APA's rule-making guidelines. 42 U.S.C. § 421(k) (Supp. III 1985). Plaintiffs argue that the Secretary promulgated SSR 85–28 and certain supplemental instructions in violation of the notice and comment requirement of the APA, 5 U.S.C. § 553(b) (1982).[4] The Secretary admits that the rule's promulgation did not follow section 553(b)'s notice and comment procedure, but further contends that SSR 85–28 and certain supplemental instructions are interpretive rulings not subject to that section's requirements. Section 553(b)'s procedure applies to most agency rule making; however,

---

**3.** Although the Secretary has adjudicated the representative plaintiffs' claims and consequently their claims may be moot, *see supra* section II.B.1, the court finds that they continue to represent adequately the class. The court continues to base this finding in part on the fact that plaintiffs' counsel has considerable experience in Social Security litigation and will continue to represent ably the class. *See Wilson v. Heckler,* 622 F.Supp. 649, 657 (D.N.J.1985).

**4.** The Secretary argues that this issue is not properly before the court because SSR 85–28 has never been in effect in New Jersey and because plaintiffs' amended complaint does not

refer to the ruling. Neither argument has merit. First, the ruling is the Secretary's interpretation of step two, and it is the very ruling that the Secretary proffered to the court in an attempt to avoid a preliminary injunction in 1985. To the extent that step two of the Secretary's sequential evaluation procedure is properly before the court in this litigation, so too is SSR 85–28. Second, although plaintiff's amended complaint does not refer to SSR 85–28, a simple amendment would be appropriate in this case and would cure the defect of which the Secretary complains. *See* Fed.R.Civ.P. 15(a).

Except when notice or hearing is required by statute, this subsection does not apply—

(A) to *interpretative rules,* general statements of policy, or rules of agency organization, procedure, or practice; or

(B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

*Id.* (emphasis added). The court must focus on whether SSR 85–28 and the Secretary's supplemental instructions are interpretive rules to determine whether plaintiffs are likely to succeed on their APA challenge.

■ "Generally speaking, it seems to be established that 'regulations,' 'substantive rules,' or 'legislative rules' are those which create law, usually implementary to an existing law; whereas interpretive rules are statements as to what the administrative officer thinks the statute or regulation means." *Gibson Wine Co. v. Snyder,* 194 F.2d 329, 331 (D.C.Cir.1952). "Determining whether a given agency action is interpretive or legislative is an extraordinarily case-specific endeavor." *American Hospital Ass'n v. Bowen,* 834 F.2d 1037, 1045 (D.C.Cir.1987). However, there are certain general principles that guide a court to conclude that a rule is interpretive: Where the agency reminds parties of an existing duty, *id.* at 1046 (citing *Cabais v. Egger,* 690 F.2d 234 (D.C.Cir.1982)); where the agency clarifies the meaning of a particular term in a statute or regulation, *id.* (citing *American Postal Workers Union v. United States Postal Service,* 707 F.2d 548 (D.C.Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984)); and where the agency merely explains something already required by a statute or regulation. *Id.* (citing *Alcaraz v. Block,* 746

F.2d 593 (9th Cir.1984)). In addition, "the mere fact that a rule may have a substantial impact 'does not transform it into a legislative rule.' " *Id.* (quoting *American Postal Workers,* 707 F.2d at 559).

■ The court finds that SSR 85–28 and the Secretary's supplemental instructions are interpretive rules and therefore the APA's notice and comment procedure is inapplicable. Plaintiffs claim that the rulings are not interpretive because they impact on substantive rights by setting forth examples of presumed not-severe impairments, refusing to consider a claimant's ability to perform past work, and eliminating the safeguards accompanying a medical determination of residual functional capacity. The court recognizes that the rulings may have a significant impact on whether a claimant will receive benefits. However, that fact alone does not bring these rulings beyond section 553(b)'s interpretive rule exception. *American Postal Workers,* 707 F.2d at 559. SSR 85–28 merely clarifies and interprets step two of the Secretary's sequential evaluation process;[5] it does not go beyond the scope of the regulations comprising step two. Similarly, the other instructions that plaintiffs challenge merely illustrate and interpret step two. *See also Bailey v. Bowen,* 699 F.Supp. 51, 53 (M.D.Pa.1988) (finding SSR 82–55 interpretive ruling not subject to APA's notice and comment requirements). SSR 85–28 may have interpreted the Social Security Act's definition of disability and the severity regulation in such a way as to constitute a misapplication of step two. However, even assuming the SSR had such an effect, it did so in an attempt to explain step two rather than supplant it. Plaintiffs have failed to demonstrate likelihood of success on the merits of their APA claim and therefore that claim cannot support a preliminary injunction.

---

5. The court finds the regulation's stated purpose accurate and indicative of an interpretive rather than legislative rule:

PURPOSE: To *clarify* the policy for determining when a person's impairment(s) may be found "not severe" and, thus, the basis for a

finding of "not disabled" in the sequential evaluation of disability, and thereby reflect certain circuit court decisions that have taken issue with the Secretary's previously stated definition of "not severe" impairments.

SSR 85–28 (1985) (emphasis added).

### 2. Plaintiffs' As–Applied Challenge

■ Plaintiffs ask the court to enjoin the Secretary from applying systematically step two in a manner inconsistent with the Social Security Act's definition of disability. *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2298–99, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring) ("[R]espondent's evidence suggests that step 2 has been applied systematically in a manner inconsistent with the statute."). Plaintiffs have presented evidence of past misapplication practices, but those practices were not the basis for the court's preliminary injunction. *See supra* section II.A. To maintain the injunction plaintiffs must at the very least establish that such misapplication will likely occur, and they cannot do so. SSR 85–28, one of the Secretary's most recent interpretations of step two, has never been in effect in New Jersey because of this court's preliminary injunction. Plaintiffs present no more than mere speculation to show that the Secretary will misapply step two if the court vacates its injunction. *See Dixon v. Bowen,* 673 F.Supp. 123, 128 (S.D. N.Y.1987) (denying without prejudice preliminary injunction in similar circumstances because "plaintiffs have not presented any evidence indicating that the Secretary currently intends to misapply step 2 or [SSR 85–28]"). Because plaintiffs cannot demonstrate that they will likely succeed on the merits of their claim, and because there is no other claim to support a preliminary injunction, the court must vacate the injunction now in force. However, the court will do so without prejudice to plaintiffs' right to apply for injunctive relief should the Secretary misapply step two. *See id.* To help bring this litigation to an ultimate resolution, the court will order plaintiffs to show cause in sixth months why their complaint should not be dismissed, and at that time the court can determine whether their as-applied challenge remains viable.

### D. *Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs have moved for partial summary judgment on the issues of whether the Secretary promulgated SSR 85–28 (1985) and certain additional instructional materials in violation of the APA, and whether the Secretary will continue to misapply step two of the sequential evaluation process. For the same reasons that plaintiffs have failed to convince the court that they are likely to succeed on the merits of these two contentions, the court must deny their motions for partial summary judgment.

■ The standard for granting summary judgment is a stringent one, but it is not insurmountable. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir. 1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the nonmoving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Recent Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, even if the movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

The court has found that plaintiffs have failed to demonstrate likelihood of success on their claim of an APA violation because they cannot convince the court that SSR 85–28 is not an interpretive ruling and therefore subject to the APA's notice and comment requirement. Although plaintiffs met their initial summary judgment burden of demonstrating an absence of genuine issue of material fact, the Secretary has met plaintiffs' challenge by demonstrating that the challenged ruling is interpretative rather than legislative. The court must therefore deny plaintiffs' motion for summary judgment on this issue.

The court has also found that plaintiffs have failed to demonstrate likelihood of success on their claim that the Secretary will continue to misapply step two. Plaintiffs have not even met their initial burden of establishing the absence of a genuine factual issue on this question. Nothing that they have put forward is probative of their claim that the Secretary will misapply the severity regulation if the court permits him to apply step two to New Jersey claimants. The court must therefore deny plaintiffs' motion for summary judgment on this issue as well.

E. *The Secretary's Motion for Summary Judgment on Plaintiffs' APA Claim*

Plaintiffs' only APA-based challenge to SSR 85–28 is that it is subject to notice and comment procedures. To succeed on their claim that the Secretary promulgated SSR 85–28 (1985) and certain additional instructional materials in violation of the APA's notice and comment procedure, plaintiffs must show that the challenged rulings are legislative rather than interpretive. They cannot do so. *See supra* section II.C.1. Because the court has determined that the SSR and additional instructions are interpretive rulings and therefore not subject to the notice comment procedures set forth in 5 U.S.C. § 553(b) (1982), the court must grant the Secretary's motion for summary judgment on this issue.

F. *Retrospective Expansion of the Class*

In its opinion granting plaintiffs' motion for class certification the court noted that "it may see fit to broaden or narrow the temporal scope of the class in the future." *Wilson v. Bowen,* 622 F.Supp. 649, 658 (D.N.J.1985). The court's order indicated that "[t]he plaintiff class does not include, at this time, any such persons who received decisions of the Secretary on or before July 25, 1984 and who failed either to file a complaint in federal district court or appeal to the next level of administrative review within 60 days after the date of receipt of such decision." *Id.* at 662. The Secretary now asks the court to rule that it will not expand the class to include such individuals.

In support of his position the Secretary explains that a class action brought pursuant to 42 U.S.C. § 405(g) (1982) cannot be maintained on behalf of class members who could not have brought actions for review under that section on their own behalf. *See Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979). Section 405(g) provides the exclusive avenue of judicial review for denial or termination of Social Security benefits. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1974). Section 405(g) provides in part: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." The Secretary argues that section 405(g) prevents the court from expanding the class to include disappointed claimants who failed to file a district court action in sixty days.

The Secretary recognizes that the sixty-day period specified in section 405(g) is a limitation period rather than a jurisdictional provision and therefore may be tolled in certain cases. *See Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) ("application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress' ") (quoting *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967)). In *City of New York* the class members

> "did not and could not know that ... adverse decisions had been made on the basis of a systematic procedural irregularity that rendered them subject to court challenge. Where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action. Since in this case the full extent of the Government's clandestine policy was uncovered only in the course of this litigation, all class members may pursue this action notwithstanding the 60–day requirement."

*Id.* at 480–81, 106 S.Ct. at 2030 (quoting *City of New York v. Heckler*, 742 F.2d 729, 738 (2d Cir.1984) (citations omitted)). The Secretary claims that—unlike *City of New York*—this case does not involve any clandestine government policy that will be uncovered in the course of litigation. In essence, the Secretary has moved for summary judgment on the equitable tolling issue.

The court finds that a ruling in favor of the Secretary at this time would be premature. The Secretary has not met his initial burden of establishing the absence of any genuine material factual issue on the question of a clandestine government policy. Although plaintiffs have no direct proof of such an unspoken policy, the court cannot say that plaintiffs will not uncover such a policy during this litigation. In *City of New York* the clandestine practice did not become clear until trial. 476 U.S. at 474–75, 106 S.Ct. at 2026–27. If this litigation were otherwise at an end, the court would not expand the class. However, because the court's jurisdiction over this case will continue, it cannot now foreclose the possibility that such a policy will be discovered at some later point, at which time retrospective expansion of the class would be appropriate.

## III. CONCLUSION

The Supreme Court's *Yuckert* decision undermines this court's 1985 preliminary junction. Because plaintiffs have failed to establish likelihood of success on the merits of their other claims supporting continued injunctive relief the court must vacate the injunction. The court has denied plaintiffs' request for continued injunctive relief without prejudice, but it will set a date for a hearing in six months for plaintiffs to show cause why their complaint should not then be dismissed. In addition, because this case is not moot and class certification continues to be appropriate, the Secretary's motion for summary judgment must fail insofar as it seeks to dismiss the complaint on these grounds. For the same reasons that plaintiffs have failed to establish a likelihood of success on the merits of their claims for injunctive relief, summary judgment on those claims is inappropriate. In addition, the court will grant the Secretary's motion for summary judgment on plaintiffs' APA claim. Finally, the Secretary's attempt to prevent retrospective expansion of the class is premature.

An appropriate order will be entered.

## ORDER

This matter having come before the court on the Secretary's motion to vacate the court's preliminary injunction and for summary judgment and on the plaintiffs' cross-motion for partial summary judgment; and

The court having considered the submissions of the parties; and

For the reasons set forth in the court's opinion filed this date;

IT IS on this 29th day of March, 1989, hereby

ORDERED that the Secretary's motion to vacate the court's preliminary injunction is GRANTED and this court's preliminary injunction of November 14, 1985, is VACATED; and it is

FURTHER ORDERED that plaintiffs' motion for partial summary judgment is DENIED; and it is

FURTHER ORDERED that the Secretary's motion for summary judgment is GRANTED IN PART and plaintiffs' claim that SSR 85–28 and certain instructional materials were subject to notice and comment rule making procedures is DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED that plaintiffs appear before this court on November 10, 1989, at 9:30 a.m., to show cause why this action should not be dismissed, and the parties shall submit briefs in accordance with the schedule set forth in D.N.J.R. 12(C), the Secretary to file the initial brief.

No costs.